**ZURN CONSTRUCTORS, INC., d/b/a Vinylplex, Plaintiff,**

v.

**The B.F. GOODRICH COMPANY, Defendant.**

**Civ. A. No. 88–2071–0.**

United States District Court, D. Kansas.

Aug. 24, 1990.

James L. Eisenbrandt, Linde Thomson Langworthy Kohn & Van Dyke, P.C., Overland Park, Kan., John M. Edgar, Craig S. O'Dear, Bryan, Cave, McPheeters & McRoberts, Kansas City, Mo., for plaintiff.

Walter J. Kennedy, Thomas M. Bradshaw, Kathleen A. Clark, Hoskins, King, McGannon & Hahn, Kansas City, Mo., F. Pendleton Gaines III, C. Owen Paepke, Ray K. Harris, Fennemore Craig, Phoenix, Ariz., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This action was brought by Zurn Constructors, Inc. d/b/a Vinylplex (Vinylplex), a manufacturer of polyvinylchloride (PVC) pipe located in Pittsburg, Kansas, against B.F. Goodrich (Goodrich), Vinylplex's major supplier of PVC compound, alleging Goodrich (1) breached a 1982 requirements contract to supply Vinylplex with PVC compound by wrongfully attempting to cancel the contract in April 1987 (Count I); (2) breached the Most Favored Nations clause of the 1982 contract (Count II); and (3) defrauded Vinylplex by concealing a plan to withdraw or substantially withdraw from the pipe grade powder compound business (Count III). Presently before the court are plaintiff's motion to set aside an order of the magistrate, defendant's motions for partial summary judgment, defendant's motion in limine and defendant's motion to seal.[1]

---

1. Because the court has determined that oral argument will not materially advance the resolution of the issues in this case, plaintiff's motion for oral argument is hereby denied. *See* D.Kan.Rule 206(d). Further, plaintiff's request for an additional pretrial conference to argue the instant motions and to set a "firm trial date," pursuant to Fed.R.Civ.P. 16(a) and (c) is also denied.

## MOTION TO SET ASIDE
## MAGISTRATE'S ORDER

Plaintiff moves the court to set aside that portion of the magistrate's order of March 21, 1990, denying plaintiff's motion to amend Count III of the Complaint to allege that fraudulent concealment of a Goodrich plan to exit the PVC pipe grade resin market occurred prior to March 1987.[2] Under 28 U.S.C. § 636(b)(1)(A), the district court's scope of review of a magistrate's determination is whether the order has been shown to be "clearly erroneous or contrary to law." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate unless "on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). *See also Devore & Sons, Inc. v. Aurora Pacific Cattle Co.*, 560 F.Supp. 236, 239 (D.Kan.1983); Fed.R. Civ.P. 72(a); D.Kan. Rule 604(a).

Rule 15(a) of the Federal Rules of Civil Procedure provides that "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires...." Although the granting of such a motion is within the discretion of the court, the United States Supreme Court has indicated that the provision "leave shall be freely given" is a "mandate ... to be heeded." *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In determining whether to grant leave to amend, the court may consider such factors as undue delay, the moving party's bad faith or dilatory motive, the prejudice an amendment may cause the opposing party, and the futility of amendment. *Id.*

After reviewing the magistrate's order and the parties' memoranda, we conclude the order is neither clearly erroneous nor contrary to law. The magistrate's denial of the proposed amendment was grounded on both the untimeliness and futility of the amendment, as well as prejudice to the defendant. Regarding untimeliness, we agree that plaintiff's unexcused delay of over two years in seeking to amend would alone have been sufficient ground to deny the amendment. *See F.D. I.C. v. Long*, 115 F.R.D. 617 (E.D.Ark.1987) (motion to amend may properly be denied when it comes more than one year after the institution of a suit, termination of discovery and the delay is unexplained).

With respect to the issue of futility, we agree with the magistrate that the proposed amendment fails to allege fraud with sufficient particularity pursuant to Fed.R. Civ.P. 9(b). To properly allege fraud, plaintiff must allege

the circumstances constituting the fraud, including such matters as the time, place, and content of the false representations, as well as the identity of the person making the representation and what was obtained or given thereby.

*Smith v. MCI Telecommunications Corp.*, 678 F.Supp. 823, 825 (D.Kan.1987). *See also NAL II, LTD. v. Tonkin*, 705 F.Supp. 522, 525–26 (D.Kan.1989) (pleading must allege the "who, what, where and when" of the purported fraud). Here, the proposed amendment fails to identify the specific place, form, identities of *all* the participants and statements constituting the alleged fraud[3] and is, therefore, deficient under Rule 9(b) of the Federal Rules of Civil Procedure.

---

**2.** In the March 21, 1990 order, the magistrate also denied Vinylplex's request for leave to amend Counts II and III of the Complaint and Pretrial Order to allege fraudulent misrepresentation and concealment of Goodrich's breach of the Most Favored Nations clause of the contract. Vinylplex has not challenged these rulings.

**3.** The proposed amendment to Count III alleges:

(c) In late 1986, Jack Freemen specifically asked Goodrich representatives, including Ray Walker and Robert Rosenau, whether Goodrich had any plans to exit the pipe-grade resin/compound market. In response to these specific inquiries, Vinylplex was assured by these Goodrich employees that Goodrich had no such plans.

■ Finally, the court agrees with defendant that allowing the amendment would necessitate additional discovery. The additional discovery or preparation which would be required as a result of the belated addition of new claims is recognized as a source of prejudice justifying denial of a motion to amend. *See, e.g., Smith v. City of New York*, 611 F.Supp. 1080, 1093 (S.D. N.Y.1985). Accordingly, the court denies plaintiff's motion to set aside the magistrate's order.

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant moves for partial summary judgment contending that (1) certain alleged breaches of the Most Favored Nations clause in Count II are barred by the statute of limitations; (2) plaintiff's claims for lost profits and consequential damages are contractually barred; and (3) punitive damages are not recoverable in connection with the breach of contract claim in Count II.

### I. Standards

When considering a motion for summary judgment we must examine all evidence in the light most favorable to the opposing party. *McKenzie v. Mercy Hospital*, 854 F.2d 365, 367 (10th Cir.1988). If the moving party bears the burden of proof at trial, he must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). If the moving party does not bear the burden of proof, he must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

If the moving party meets his requirement, the burden shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The trial judge then determines whether a trial is needed—"whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

### II. Statute of Limitations

It is undisputed that the statute of limitations applicable to Vinylplex's Count II breach of contract claim is contained in K.S.A. 84–2–725(1) and (2) (Uniform Commercial Code). These statutes provide a four-year limitations period for breach of any contract for the sale of goods, and further provide that the cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. It is also undisputed that plaintiff's complaint includes claims for contractual breaches occurring more than four years before February 16, 1988, when suit was filed.

■ Plaintiff contends that the doctrines of fraudulent concealment and equitable estoppel apply here to toll the statute of limitations. We reject Goodrich's argument that these doctrines are not applicable to claims brought under the UCC. First, K.S.A. 84–2–725 must be read in conjunction with K.S.A. 84–1–103, which applies principles of equity, including fraud and estoppel, to UCC claims, and in conjunction with K.S.A. 84–2–725(4), which provides that "[t]his section does not alter the law on tolling the statute of limitations...." [4]

While Kansas courts have not squarely addressed this issue, we believe that if called upon to do so, Kansas would follow the majority of courts holding that the UCC provides for the application of all sup-

---

**4.** In addition, the Official Comment to this section states: "Subsection (4) makes it clear that this Article does not purport to alter or modify in any respect the law on tolling of the Statute of Limitations as it now prevails in the various jurisdictions."

plemental principles of law not displaced by its particular provisions and, thus, would allow fraudulent concealment and estoppel to toll the U.C.C. statute of limitations. *See L.R. Foy Construction Co., Inc. v. South Dakota State Cement Plant Commission,* 399 N.W.2d 340, 345 n. 3 (S.D. 1987), and cases cited therein. *See also Hustead v. Bendix,* 233 Kan. 870, 666 P.2d 1175 (1983) (implicitly recognizing application of equitable estoppel to a claim of breach of warranty under the UCC).

■■■■ However, despite the general applicability of the doctrines of fraudulent concealment and estoppel to claims under the UCC, here, plaintiff's claim of fraudulent concealment under Count II must fail. As Goodrich argues, under Kansas law, fraudulent concealment does not toll the statute of limitations unless the plaintiff's claim for relief is grounded in fraud. *McCoy v. Wesley Hospital & Nurse Training School,* 188 Kan. 325, 331, 362 P.2d 841 (1961). Further, plaintiff must allege, with particularity, facts that would have prevented it from knowing of a cause of action and must also allege that its ignorance was not the result of its own lack of diligence. *See NL Industries, Inc. v. Gulf & Western Industries, Inc.,* 650 F.Supp. 1115, 1134–35 (D.Kan.1986). In the Pretrial Order, with respect to Count II, Vinylplex alleges only that "Goodrich fraudulently concealed this substantial breach from Vinylplex and failed to disclose to Vinylplex any information which might have lead [sic] to the discovery of Goodrich's breach." The court finds these conclusory allegations wholly insufficient to toll the statute of limitations under the doctrine of fraudulent concealment.[5]

■■■■ However, the court finds that plaintiff has raised a genuine issue of material fact with respect to the application of the doctrine of equitable estoppel. Under Kansas law, equitable estoppel applies if defendants have induced plaintiffs to delay

their filing of the action either through affirmative acts or through silence concerning material facts when under an affirmative duty to speak. *See Pizza Management, Inc. v. Pizza Hut, Inc.,* 737 F.Supp. 1154, 1159 (D.Kan.1990), citing *Rex v. Warner,* 183 Kan. 763, 771, 332 P.2d 572 (1958); *Coffey v. Stephens,* 3 Kan.App.2d 596, 599, 599 P.2d 310 (1979). Actual fraud in the technical sense is not required to create estoppel. A defendant may also be precluded from relying on the bar of the statute of limitations if he has acted to lull his adversary into a false sense of security. *See Levi Strauss & Co. v. Sheaffer,* 8 Kan.App.2d 117, 123, 650 P.2d 738 (1982) (citation omitted).

Here, plaintiff has established facts tending to show that, despite repeated inquiries, Goodrich continually lulled Vinylpex into believing that it was entitled to receive and was receiving the lowest and most favorable price for resin. Since it is undisputed that Goodrich's pricing information was confidential, Vinylplex had no way to discover the information underlying this cause of action earlier. Since plaintiff has raised sufficient facts to support the estoppel theory, defendant's motion on statute of limitations grounds is denied.

### III. Lost Profits and Consequential Damages

■■■■ Next, Goodrich claims that plaintiff is contractually barred from claiming lost profits or other consequential damages under the parties' contract, which provides, "In no event shall Seller be liable for any incidental, consequential or special damages."[6]

Vinylplex concedes that K.S.A. 84–2–719(3) of the Uniform Commercial Code specifically provides that consequential damages may be excluded by contract unless the limitation or exclusion is unconscionable. Further, the burden of estab-

---

**5.** Plaintiff's motion to amend Count II to allege fraudulent misrepresentations and concealment with particularity was denied by the magistrate in the March 21, 1990, order and this ruling was not challenged by the plaintiff.

**6.** It is undisputed that consequential damages include lost profits. K.S.A. 84–2–715(2). *See also International Petroleum Services, Inc. v. S & N Well Service, Inc.,* 230 Kan. 452, 639 P.2d 29, 38 (1982).

lishing that a contract is unconscionable is upon the party attacking it. *Adams v. John Deere Co.*, 13 Kan.App.2d 489, 492, 774 P.2d 355, 357 (1989). Here, the court rejects plaintiff's unconscionability argument. Under Kansas law, ten factors are used to determine whether an agreement is unconscionable:

(1) The use of printed form or boilerplate contracts drawn skillfully by the party in the strongest economic position, which establish industry-wide standards offered on a take it or leave it basis to the party in a weaker position; (2) a significant cost-price disparity or excessive price; (3) a denial of basic rights and remedies to a buyer of consumer goods; (4) the inclusion of penalty clauses; (5) the circumstances surrounding the execution of the contact, including its commercial setting, its purposes and actual effect; (6) the hiding of clauses which are disadvantageous to one party in a mass of fine print or in places which are inconspicuous to the party signing the contract; (7) phrasing clauses in language that is incomprehensible to a layman or that divert his attention from the problems raised by them or the rights given up through them; (8) an overall imbalance in the obligations and rights imposed by the bargain; (9) exploitation of the underprivileged, unsophisticated, uneducated and the illiterate; and (10) inequality of bargaining or economic power.

*Transamerica Oil Corp. v. Lynes, Inc.*, 723 F.2d 758, 764 (10th Cir.1983). After careful consideration, the court finds none of these factors present here. Nor can the court accept Vinylplex's argument that Goodrich's alleged bad faith throughout the contract term supports the unconscionability theory. Under Kansas law, unconscionability is to be determined as of the date the contract was made and is not affected by subsequent breaches or alleged improprieties. *Adams, supra*, 13 Kan.App. at 499, 774 P.2d at 362. Accordingly, the court grants defendant's motion and finds plaintiff is contractually barred from claiming lost profits or other consequential damages on its contract claim.

## IV. Punitive Damages

Defendant moves for partial summary judgment asserting that plaintiff is precluded from recovering punitive damages under Count II of the complaint, which alleges a breach of the Most Favored Nations clause of the contract. We agree.

It is undisputed that, under Kansas law, punitive damages may not be recovered under a breach of contact claim, even if the breach is intentional, unless the plaintiff pleads and proves an independent tortious act causing additional injury. *Cornwell v. Jespersen*, 238 Kan. 110, 708 P.2d 515, 524 (1985). As stated by the Tenth Circuit:

Th[e] exception to the rule of unavailability of punitive damages in breach of contract actions is recognized when some independent tort or wrong results in additional injury which justifies the assessment of punitive damages by way of punishment of the wrongdoer. In such a case, the proof of the independent tort must indicate the presence of malice, fraud or wanton disregard of the rights of others.

*Osgood v. State Farm Mut. Auto Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988), *quoting Guarantee Abstract & Title Co. v. Interstate Fire & Cas. Co.*, 232 Kan. 76, 78–79, 652 P.2d 665, 667 (1982).

As discussed earlier in the opinion, plaintiff's attempt to amend Count II to allege the independent tort (fraud) with the proper particularity was denied. However, even if plaintiff's vague reference to fraudulent misrepresentations in Count II could be considered an adequate plea of fraud, plaintiff has completely failed to allege additional injury. Plaintiff's claims of fraud damages of $165,219.00 as lost profits and $1,311,946 for excess cost of cover (increased cost of obtaining resin from another source) are exactly the same as those amounts claimed under the breach of contract claim. *See Mackey v. Burke*, 751 F.2d 322, 327 (10th Cir.1984) (under Kansas law plaintiffs failed to show alleged independent tort caused additional damages beyond those suffered by the breach of contract). Accordingly, defendant's motion is granted and plaintiff is precluded from

claiming punitive damages under Count II of the Complaint.

## MOTION IN LIMINE

■ Defendant moves for an order excluding all evidence relating to Vinylplex's fraud claim under Count III, which alleges that Goodrich defrauded plaintiff by concealing a plan to withdraw from the pipe grade powder compound business. Initially, the court notes that this motion is, in essence, an untimely motion for summary judgment on this claim and could be denied on this basis alone. In addition, however, this claim fails on the merits.

■ Defendant contends that the gravamen of this claim is not fraud, but, rather, the breach of an oral contract to continually supply Vinylplex with resin. Defendant then asserts this claim for breach of an oral contract is barred by K.S.A. 84–2–201 (the U.C.C. Statute of Frauds), and cites *Mildfelt v. Lair*, 221 Kan. 557, 561 P.2d 805 (1977), where the Kansas Supreme Court held that the statute of frauds bars tort claims premised on unenforceable oral contracts.

We agree with plaintiff that *Mildfelt* is not applicable to Count III of the Complaint in this case. Here, plaintiff's claim does not depend upon proof of an oral contract, but rather depends on proof of the elements of fraud. Specifically, plaintiff claims that, during 1986 and 1987, Goodrich developed a corporate objective to exit or substantially exit the resin market, to shift production capacity from pipe-grade resin to higher margin markets, and to conceal this plan from Vinylplex by affirmative misrepresentations. Vinylplex further claims that it relied on these misrepresentations to its detriment.

Kansas clearly recognizes a cause of action for fraud based on a promise of future action made with the present intent not to perform. *See Modern Air Conditioning, Inc. v. Cinderella Homes, Inc.*, 226 Kan. 70, 596 P.2d 816 (1979). The gravamen of such a claim is not the breach of the agreement to perform, but the fraudulent representation concerning a present existing intention to perform when such intention is in fact nonexistent. *Id.* at 78, 596 P.2d at 824.

On this basis, the court finds plaintiff's claim in Count III sufficient to support a claim for fraud and accordingly denies defendant's motion.

## MOTION TO SEAL

■ Defendant moves the court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to seal (1) Exhibit 45, attached to plaintiff's Suggestion in Support of Motion to Amend the Complaint and Pretrial Order dated February 1, 1990, and (2) a copy of plaintiff's damage calculation, attached to Goodrich's Suggestions in Support of Motion for Partial Summary Judgment, filed in September 1989. Both of these documents reveal the price and volume at which Pacific Western Extruded Plastics Company purchased pipe grade resin from Goodrich between 1985 and 1989. Pacific Western strongly views this to be confidential and competitively sensitive information. Vinylplex has filed no response.

> Rule 26(c) provides in pertinent part:
> Upon motion by a party … and for good cause shown, the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including
> (7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way.

Orders pursuant to this provision have frequently been issued to prevent disclosure of commercially sensitive information, such as prices charged by competitors. *See, e.g., GTE Products Corp. v. GEE*, 112 F.R.D. 169, 170 (D.Mass.1986). Here, where defendant has shown sufficient risk of competitive injury to Pacific Western and, in the absence of response from plaintiff, the court grants defendant's motion to seal.

IT IS THEREFORE ORDERED that plaintiff's motion to set aside a portion of

the magistrate's order (Doc. # 191) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for oral argument and for an additional pretrial conference (Doc. # 203) is denied.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment on statute of limitations grounds (Doc. # 127) is denied.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment on plaintiff's claim for lost profits and consequential damages on its contract claim (Doc. # 127) is granted.

IT IS FURTHER ORDERED that defendant's motion for partial summary judgment on plaintiff's claim for punitive damages under Count II of the complaint (Doc. # 180) is granted.

IT IS FURTHER ORDERED that defendant's motion in limine (Doc. # 193) is denied.

IT IS FURTHER ORDERED that defendant's motion to seal (Doc. # 197) is granted.