CONTINENTAL BANK, N.A., as Trustee for the Finney County, Kansas, Single Family Mortgage Revenue Bond Program, 1982 Series A, Plaintiff,

v.

John E. CATON; DBLKM, Inc., a Colorado corporation; and United Securities, Inc., a Kansas corporation.

No. 88–1611–C.

United States District Court, D. Kansas.

May 30, 1991.

Ken M. Peterson, Morris, Laing, Evans, Brock & Kennedy, Wichita, Kan., Dan K. Webb, Stephen C. Schulte, W. Gordon Dobie, Winston & Strawn, Chicago, Ill., for Continental Illinois Nat. Bank & Trust Company of Chicago.

William R. Smith, Hershberger, Patterson, Jones & Roth, Wichita, Kan., Robert J. Heyne, Richard S. Wisner, T. Scott Leo, Pretzel & Stouffer, Chicago, Ill., for John E. Caton.

John T. Conlee, Dixie F. Madden, David G. Seely, Fleeson, Gooing, Coulson & Kitch, Wichita, Kan., James C. Ruh, John V. McDermott, Jensen, Byrne, Parsons, Ruh & Tilton, Denver, Colo., Michael C. Cook, David L. Hartsell, McCullough, Campbell & Lane, Chicago, Ill., for DBLKM.

Ronald L. Nieto, Wichita, Kan., Michael B. Brohman, Jenner & Block, Chicago, Ill., for United Securities.

Martin W. Bauer, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., for Garden Nat. Bank.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the following motions: motions to review and set aside the magistrate judge's order filed February 25, 1991, brought by defendants DBLKM (Dk. 348) and John E. Caton (Dk. 341); the plaintiff trustee's motion to dismiss (Dk. 280) DBLKM's amended counterclaim; and the third-party defendant Garden National Bank's motion (Dk. 247) for entry of final judgment or, in the alternative, for amendment to the memorandum and order of August 6, 1990. The court fully appreciates that other motions are also pending in this case and await decision. Schedule permitting, the court will decide within the next two months the other motions that are still properly pending.

## MOTION TO REVIEW

In his order of February 26, 1991, the magistrate judge granted the plaintiff

leave to file its third amended complaint. Defendants DBLKM and Caton seek review arguing the magistrate judge clearly erred in not denying the plaintiff's motion on the basis of undue prejudice, undue delay, bad faith and futility of amendment.

■ As to nondispositive pretrial matters, the district court reviews the magistrate judge's order under a clearly erroneous or contrary to law standard. 28 U.S.C. § 636(b)(1)(A); see also *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir.1988). The district court applies a clearly erroneous standard in reviewing a magistrate judge's decision on a motion for leave to file an amended complaint. *Zurn Constructors, Inc. v. B.F. Goodrich Co.*, 746 F.Supp. 1051, 1054 (D.Kan.1990); *Masters v. Daniel International Corporation*, No. 87–1290–C, 1991 WL 107410 (D.Kan. May 3, 1991); *Jones v. Martin, Pringle, Oliver, Wallace and Swartz*, No. 88–2395–0, 1989 WL 84484 (D.Kan. July 25, 1989). The clearly erroneous standard requires the district court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred. *Ocelot Oil*, 847 F.2d at 1464.

■ Leave to amend is a matter committed to the court's sound discretion. *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127 (10th Cir. 1987). Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave shall be freely given when justice so requires...." The Supreme Court has warned that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The court decides the motion after considering several factors:

These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.

*State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984). In exercising its discretion, the court must be mindful of the spirit of the Federal Rules of Civil Procedure to encourage decisions on the merits rather than on mere technicalities. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); see *Foman*, 371 U.S. at 181, 83 S.Ct. at 229.

■ Defendants vociferously objected to plaintiff's motion for leave on the grounds of undue delay and undue prejudice. The court has carefully read and analyzed the reasoning expressed in the magistrate judge's order and does not find it to be clearly erroneous or contrary to the law. Plaintiff's amendment does not allege new facts but simply changes a legal theory in response to this court's order of August 6, 1990. Any delay is not undue as the amendment was pursued in response to the court's order. The magistrate judge implicitly found no bad faith by plaintiff in waiting until now to assert this alternative theory, and defendants have not shown such a finding to be clearly erroneous. Since the damages claimed on behalf of the estate appear similar in nature and amount to those formerly claimed on behalf of the bondholders, defendants would not suffer any undue prejudice from the amendments. Defendants' cursory arguments on futility were properly rejected as a reason for denying the plaintiff's motion. Defendants are denied all relief requested in their motions for review.

## MOTION TO DISMISS

The trustee moves to dismiss DBLKM's amended counterclaim of August 23, 1990, contending the damages sought in that negligent misrepresentation counterclaim are not recoverable under Kansas law. DBLKM has filed no response to the trustee's motion. D.Kan. Rule 206(g) provides in pertinent part: "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordi-

narily will be granted without further notice." The court finds the trustee's motion to dismiss to be facially meritorious and grants the motion as uncontested.

## MOTION FOR ENTRY OF FINAL JUDGMENT

Garden National Bank ("GNB") moves the court to enter final judgment as to its order of August 6, 1990, dismissing the third-party complaints against GNB. DBLKM opposes the motion arguing that GNB will not suffer prejudice or hardship and that any appeal of this ruling would be mooted if DBLKM successfully defends the claims asserted by the plaintiff.

 The decision to certify pursuant to Rule 54(b) must be exercised sparingly and not just to accommodate counsel. *Schrader v. Granninger,* 870 F.2d 874, 878 (2nd Cir.1989). A two-step process is used to decide Rule 54(b) motions. First, the court determines whether its ruling is in the nature of a "final judgment." "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss–Wright Corp. v. General Electric Co.,* 446 U.S. 1, 7, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey,* 351 U.S. 427, 436, 76 S.Ct. 895, 900, 100 L.Ed. 1297 (1956)). Second, upon finding finality, the court must evaluate whether there is any just reason for delaying entry of judgment. *Curtiss–Wright Corp.,* 446 U.S. at 7–8, 100 S.Ct. at 1464–65. Even though a decision may be final, the trial court retains the discretion to decide when it is ripe for appeal. *Curtiss–Wright Corp.,* 446 U.S. at 8, 100 S.Ct. at 1465. The Tenth Circuit has remarked that this is a balancing test requiring the trial court to weigh " 'Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay.'" *McKibben v. Chubb,* 840 F.2d 1525, 1528 (10th Cir.1988) (quoting *United Bank of Pueblo v. Hartford Accident & Indem. Co.,* 529 F.2d 490, 492 (10th Cir. 1976)).

 " 'Third-party claims for indemnity for judgments that may never occur should seldom fall within the narrow exception of Rule 54(b).'" *In re Fiddler's Woods Bondholders Litigation,* 594 F.Supp. 594, 597 (E.D.Pa.1984) (quoting *United States Fire Ins. Co. v. Smith Barney, Harris Upham & Co.,* 724 F.2d 650, 652 (8th Cir. 1983)). Because of this circumstance, the scales are tipped even more against certification, and GNB plainly fails to present hardships and prejudice to overcome it. GNB's motion is denied.

IT IS THEREFORE ORDERED that the motions to review and vacate the magistrate judge's order filed February 25, 1991, brought by defendants DBLKM (Dk. 348) and John E. Caton (Dk. 341) are denied;

IT IS FURTHER ORDERED that the plaintiff trustee's motion to dismiss (Dk. 280) DBLKM's amended counterclaim is granted;

IT IS FURTHER ORDERED that the third-party defendant GNB's motion (Dk. 247) for entry of final judgment or, in the alternative, for amendment to the memorandum and order of August 6, 1990, is denied.