**RESOLUTION TRUST CORPORATION, as Receiver for Peoples Heritage Savings, a Federal Savings and Loan Association, and Peoples Heritage Federal Savings and Loan Association of Salina, Kansas, Plaintiff,**

v.

**FIDELITY & DEPOSIT COMPANY OF MARYLAND, Defendant.**

No. 94–4145–SAC.

United States District Court, D. Kansas.

March 10, 1995.

Timothy H. Girard, Topeka, KS, Brad A. Chapman, Steven L. Hoard, Mullin, Hoard & Brown, Amarillo, TX, R.K. Hurrington, F.D.I.C., Washington, DC, for plaintiff.

Timothy J. Pringle, Ascough, Eschmann, Oyler, P.A., Topeka, KS, Duncan L. Clore, Michael Keeley, Strasburger & Price, L.L.P., Dallas, TX, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the plaintiff's motion for review (Dk. 25) of the magistrate judge's order filed December 16, 1994 (Dk. 22), and on the defendant's motion to strike (Dk. 28) the plaintiff's motion for review as untimely. The court denies both motions for the reasons now stated.

### Motion to Strike

The defendant argues the plaintiff's motion for review was not filed within the ten-day period specified in Rule 72(a) of the Federal Rules of Civil Procedure. In making this argument, the defendant fails to account for the effect of Rule 6(a) on a prescribed period that is less than eleven days. Rule 6(a) requires excluding the intermediate Saturdays and Sundays and legal holidays like Christmas Day and New Year's Day. The federal courthouse was closed on Monday, December 26, 1994, for Christmas Day and on Monday, January 2, 1995, for New Year's Day. Consequently, the tenth day falls on January 3, 1995. Because Rule 72(a) requires objections to be filed within ten days after being served with the magistrate judge's order and because the order on review was served by mail, three days are added to the prescribed period pursuant to Rule 6(e). The plaintiff, therefore, timely filed its motion for review on the last possible day, January 6, 1995. The defendant's motion to strike is without merit.

### Motion for Review

The plaintiff brought this action to recover damages caused by the defendant's refusal to pay the plaintiff's claim under a financial institution bond. The plaintiff moved to amend its claim to add a claim for breach of the tort of bad faith. The magistrate judge denied the motion to amend as futile because the Kansas Supreme Court and the federal district courts applying Kansas law have held consistently that the tort of bad faith is not recognized in Kansas. The plaintiff argues that such a tort claim should be available when, like here, the monetary penalties available under the legislative remedies are nominal in comparison to the insured's claim under the bond.

A district court uses a clearly erroneous or contrary to the law standard to review a magistrate judge's order on nondispositive pretrial matters. 28 U.S.C. § 636(b)(1)(A); *Continental Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D.Kan.1991). When a magistrate judge decides a motion for leave to file an amended complaint, the federal district courts in Kansas review the order under a clearly erroneous standard. *Denmon v. Runyon,* 151 F.R.D. 404, 405 (D.Kan.1993); *Continental Bank, N.A. v. Caton,* 136 F.R.D. at 693; *Zurn Constructors, Inc. v. B.F. Goodrich Co.,* 746 F.Supp. 1051, 1055 (D.Kan.1990). The clearly erroneous standard means the district court must affirm the magistrate judge's order unless the district court has the definite and firm conviction from all the evidence that error has occurred. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461–62 (10th Cir. 1988).

"The tort of bad faith is not recognized in Kansas." *Spencer v. Aetna Life & Casualty Ins. Co.,* 227 Kan. 914, Syl. ¶ 2, 926, 611 P.2d 149 (1980). By this statement, the court expressed its position in definitive and unqualified terms. Of course, statements in a syllabus, like those in the opinion itself, have as their context the particular case and the issues and facts presented therein. Consequently, they "must be read and interpreted in light of the issue involved and the facts giving rise to what is said." *Dallam v. Hedrick,* 16 Kan.App.2d 258, 263, 826 P.2d 511 (1990) (quoting *Hartman v. Nordquist,* 8 Kan.App.2d 213, 214, 653 P.2d 1199 (1982)).

The Kansas Supreme Court in *Spencer* made a point of divorcing its discussion of the tort of bad faith from the facts before it: "Let us now turn to the question. Does Kansas recognize the tort of 'bad faith'? The facts of the case are unnecessary for determination of this issue." 227 Kan. at 916, 611 P.2d 149 (underlining added). At no point in the *Spencer* opinion does the Kansas Supreme Court ever set forth the facts alleged in support of the plaintiff's bad faith claim. Instead, the court only discussed this question at a general policy level looking at what other courts and commentators have identi-

fied as the reasons for and against recognizing this tort. The court then looked at the insured's remedies under Kansas law for dealing with a recalcitrant insurer. The court followed its discussion of Kansas law with these conclusions:

> The legislature has recognized the public interest nature of the insurance industry and has also recognized public policy holders require protection because of their inequitable bargaining position. The penalties, including fines and imprisonment, and imposition of attorneys' fees are adequate to protect the public from the actions of a recalcitrant insurer in first party cases. We do not say the legislative remedy is exclusive but in the absence of a more definitive showing of inadequacy of the remedy than we have before us at this time, we hold the remedies are adequate to force compliance with the terms of insurance contracts.

> ... Where the legislature has provided such detailed and effective remedies, we find it undesirable for us to expand those remedies by judicial decree.

> We hold the tort of bad faith is not recognized in Kansas.

227 Kan. at 926, 611 P.2d 149 (underlining added). This underlined sentence in *Spencer* is the linchpin to the plaintiff's argument that it should be allowed to pursue a tort claim for bad faith.

The plaintiff chooses to read this sentence to mean that under the particular circumstances of *Spencer* the legislative remedies were adequate and that another litigant may be able to prove the same remedies are inadequate under circumstances different from *Spencer*. The court disagrees with placing such a door-opening spin on this single ambiguous sentence. If the Kansas Supreme Court had intended to say that the adequacy of legislative remedies depends on the facts shown in any particular case, then the court surely would have revealed in its opinion what must have been an inadequate showing by the plaintiff Spencer. Instead of doing that, the court expressly said its decision whether to recognize the tort of bad faith was not tied to the particular facts of that case. 227 Kan. at 916, 611 P.2d 149.

More importantly, the Kansas Supreme Court in *Spencer* does not give the slightest indication that the size of an insured's claim would be a relevant factor in determining the adequacy of legislative remedies. Moreover, it would be unique in Kansas jurisprudence to recognize a tort action for only those insureds with policies or claims over a certain amount.

The better interpretation, in this court's judgment, of the door left open by the Kansas Supreme Court in *Spencer* is that there may come a point when because of general circumstances that the legislative remedies become inadequate and the need for other remedies exist. Such circumstances might include the legislature's refusal to provide remedies for new claim practices by insurers that are unfair or even the legislature's failure to modify the remedies so as to effectively address recurring unfair claim practices. This interpretation of the Kansas Supreme Court's ambiguous statement is consistent with what it did in *Spencer*. Namely, the court deferred to the Kansas legislature the responsibility to balance the competing public and private interests and to develop the policy and remedies necessary to address any unfair practices in claim settlements. In effect, the Kansas Supreme Court left the door open should the legislature shirk this responsibility.

Since *Spencer*, the Kansas Supreme Court on four different occasions has said that Kansas does not recognize the independent tort of bad faith. *Glenn v. Fleming*, 247 Kan. 296, 313, 799 P.2d 79 (1990); *Heinson v. Porter*, 244 Kan. 667, 675, 772 P.2d 778 (1989), *overruled on other grounds, Glenn v. Fleming*, 247 Kan. 296, 313, 799 P.2d 79 (1990); *State Farm Fire & Casualty Co. v. Liggett*, 236 Kan. 120, 130, 689 P.2d 1187 (1984); *Guarantee Abstract & Title Co. v. Interstate Fire & Casualty Co.*, 232 Kan. 76, 79, 652 P.2d 665 (1982). Federal district courts in Kansas have consistently followed the holding in *Spencer* and refused to entertain independent tort claims for bad faith. *Lyons Federal Savings & Loan v. St. Paul Fire and Marine Ins.*, 863 F.Supp. 1441, 1449 (D.Kan.1994); *Chance v. Farm Bureau Mut. Ins. Co., Inc.*, 756 F.Supp. 1440, 1446

(D.Kan.1991); *Boyd Motors, Inc. v. Employers Ins. of Wausau,* 670 F.Supp. 310, 314 (D.Kan.1987), *rev'd on other grounds,* 880 F.2d 270 (10th Cir.1989).

The magistrate judge did not clearly err or act contrary to the law in holding that the plaintiff's proposed amendment was futile. The overwhelming weight of authority is that Kansas does not recognize the independent tort of bad faith. The plaintiff's attempt to bring its claim within some purported exception in *Spencer* is unavailing.

IT IS THEREFORE ORDERED that the defendant's motion to strike (Dk. 28) is denied;

IT IS FURTHER ORDERED that the plaintiff's motion for review (Dk. 25) or, alternatively, objections to the magistrate judge's order of December 16, 1994, (Dk. 22) are denied.