**Michael R. CUENCA, Plaintiff,**

v.

**UNIVERSITY OF KANSAS, School of Journalism, et al., Defendants.**

**No. 98–4180–SAC.**

United States District Court, D. Kansas.

May 17, 2002.

---

James L. Wisler, Schroer, Rice, P.A., Topeka, KS, Michael B. Byers, Topeka, KS, for Michael R. Cuenca.

Michael R. Cuenca, Lawrence, KS, pro se.

Rose A. Marino, Barbara L. McCloud, University of Kan., Office of Gen. Counsel, Lawrence, KS, for University of Kan., Myron A. Kautsch, James K. Gentry.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the plaintiff's objections (Dk.166) to the magis-

trate judge's orders filed February 22, 2002, (Dks. 164 and 165). The defendants have filed a memorandum opposing the defendant's objections. (Dk.167).

■ The district judge shall consider objections to a magistrate judge's order on nondispositive pretrial matters and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R.Civ.P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir.), *cert. denied,* 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997). "The clearly erroneous standard requires the district court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred." *Continental Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D.Kan.1991) (citations omitted); *see also Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan. 1991) ("Because a magistrate is afforded broad discretion in the resolution of non-dispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused.") This standard plainly applies to the plaintiff's objection to the magistrate judge's amended scheduling order imposing a limit on the number of depositions.

Which standard to apply is not as clear with respect to the magistrate judge's order denying in part the plaintiff's motion to amend. In *Pedro v. Armour Swift–Eckrich,* 118 F.Supp.2d 1155, 1157, this court observed and held:

> Ordinarily, a magistrate judge's ruling on a motion to amend the complaint is a non-dispositive ruling subject to the clearly erroneous standard of review. *See Pagano v. Frank,* 983 F.2d 343, 346 (1st Cir.1993); *First Savings Bank, F.S.B. v. U.S. Bancorp,* 184 F.R.D. 363,

366 (D.Kan.1998) (and cases cited therein). This approach holds true particularly where the magistrate judge's order grants leave to amend and does not have the effect of removing any claim or defense. *See Stetz v. Reeher Enterprises, Inc.,* 70 F.Supp.2d 119, 120 (N.D.N.Y. 1999). When the magistrate judge's order denying a motion to amend, however, effectively removes a defense or claim from the case, it may well be a dispositive ruling that the district court should review de novo. *Allendale Mut. Ins. Co. v. Rutherford,* 178 F.R.D. 1, 2 (D.Me.1998); *cf. Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d [1458] at 1462–63 [ (10th Cir.1988) ] ("[M]otions not designated on their face as one of those excepted in [28 U.S.C. § 636(b)(1) ] subsection (A) are nevertheless to be treated as such a motion when they have an identical effect.").

Thus, "denial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility." *HCC, Inc. v. R H & M Machine Co.,* 39 F.Supp.2d 317, 321 (S.D.N.Y.1999) ("The Court discerns no reason why denial of a motion for leave to amend based on futility should be classified differently than would decision of a substantive motion to dispose of those same claims when already pleaded."). The court views the magistrate judge's decision here denying leave to add a party on futility grounds as a dispositive decision subject to de novo review. See Fed. R.Civ.P. 72(b).

■ *But see, e.g., Continental Cas. Co. v. Dominick D'Andrea, Inc.,* 150 F.3d 245, 251 (3rd Cir.1998); *Doe v. Nevada Crossing, Inc.,* 920 F.Supp. 164, 165–66 (D.Utah 1996). By the terms of Rule 72(a), a non-dispositive pretrial matter is one that is "not dispositive of a claim or defense." An order denying leave to add claims against new parties is "dispositive" with respect to

those potential claims and parties. *Covington v. Kid,* 1999 WL 9835, at *2 (S.D.N.Y. Jan.7, 1999) (citations omitted). Because that part of the order here denying leave to amend has the identical effect as an order dismissing potential claims and parties from the suit, the court shall make a de novo determination upon the record.

"De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court." *Summers v. State of Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citations omitted). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Fed. R.Civ.P. 72(b).

**Leave to Amend**

The magistrate judged granted in part and denied in part the plaintiff's motion for leave to amend his complaint. (Dk.164). In his order, the magistrate judge recounts that in August of 2001 the parties discussed with him and agreed the plaintiff's administrative charges of employment discrimination pending before the Equal Employment Opportunity Commission ("E.E.O.C.") and concerning the subsequent denials of his tenure and his ultimate termination from the university should be addressed in one lawsuit. (Dk.164, p. 5). At the status conference in November of 2001, the magistrate judge "directed the parties to attempt to reach a stipulation regarding the amendment of plaintiff's first amended complaint, in order to include the above-described claims arising from his denial of tenure in 1999–2000 and 2000–2001." *Id.* On January 10, 2002, the plaintiff filed his motion to amend (Dk.159). The defendants filed their opposition on January 16, 2002, (Dk.161), and the plaintiff filed his reply brief on January 23, 2002.

Over the defendants' objections for untimeliness and undue delay, the magistrate judge permitted the plaintiff's proposed amendment expanding his Title VII claim against the defendant University of Kansas to include a claim based on national origin discrimination. The magistrate judge also denied the defendants' objection to the plaintiff's addition of new facts to his §§ 1981 and 1983 claims against the defendants Kautsch and Gentry. The magistrate judge, however, sustained the defendants' objections to the plaintiff's proposed addition of 42 U.S.C. §§ 1985(3) and 1986 claims against the defendants Kautsch and Gentry and to the proposed addition of eight new defendants with various claims under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986 against them. The magistrate judge held that these proposed amendments were untimely and would require substantial additional discovery.

■ The Court shall freely give plaintiff leave to amend "when justice so requires." Fed.R.Civ.P. 15. Motions to amend are matters of discretion for the trial court. *Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir.1991). A refusal to grant leave to amend needs to be justified by factors such as futility, undue delay, undue prejudice to the nonmoving party, or bad faith of the moving party, *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir.1993). " 'Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses,' but 'equal attention should be given to the proposition that there must be an end finally to a particular litigation.' " *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir.1994) (quoting *Freeman v. Continental Gin Co.,* 381 F.2d 459, 469 (5th Cir.1967)).

■ In the Tenth Circuit, a district court may deny leave to amend for untimeliness or undue delay without a showing of

prejudice to the opposing party. *See Woolsey,* 934 F.2d at 1462; *First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.,* 820 F.2d 1127, 1133 (10th Cir.1987). The Tenth Circuit has often " 'found untimeliness alone a sufficient reason to deny leave to amend.' " *Hayes v. Whitman,* 264 F.3d 1017, 1026 (10th Cir.2001) (quoting *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 799 (10th Cir.1998)). A district court evaluates the reasons for the delay and assesses whether they amount to excusable neglect. *Federal Ins. Co. v. Gates Learjet Corp.,* 823 F.2d 383, 387 (10th Cir. 1987). "Untimeliness is sufficient cause for denying leave, especially when the movant offers no adequate explanation for the delay." *Deghand v. Wal–Mart Stores, Inc.,* 904 F.Supp. 1218, 1221 (D.Kan.1995) (citing *Frank,* 3 F.3d at 1365–66). A district court "may deny leave if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.' " *Id.* (quoting *Pallottino,* 31 F.3d at 1027); *see also Parker v. Champion,* 148 F.3d 1219, 1222–23 (10th Cir.1998), *cert. denied,* 525 U.S. 1151, 119 S.Ct. 1053, 143 L.Ed.2d 58 (1999).

■ The magistrate judge's order correctly and aptly summarizes the procedural history to this case that "has been pending for quite a long time." (Dk.164). This summary shows much of the delay is attributable to the sequential withdrawal of three separate counsel for the plaintiff and the intervening requests of the plaintiff and his counsel to extend or continue the discovery deadlines. As he did at the time he filed the motion for leave to amend, the plaintiff appears pro se.

Like the magistrate judge, the court is troubled by the delay associated with this case. This case fits the proposition that notwithstanding the liberality afforded amendments a court must give equal attention to seeing the litigation come to an end. In his reply brief filed before the magistrate judge, the plaintiff tried to explain his delay in adding the two new conspiracy theories and eight new defendants as follows:

> The actions of the newly-named defendants were also the basis of the Plaintiff's second complaint to the EEOC, which was dismissed without a decision on or about September 27, 2001. As the Court noted in its earlier order, the Court faces either the acceptance of these amendments or the filing of additional, separate actions, which is what the Court expressed it was wishing to avoid.
>
> . . . .
>
> The damage done by the original Defendants and those new named Defendants who participated in the conspiracy to hinder the Plaintiff's application for permanent tenure was not apparent or complete until the tenure decision was made. The actions alleged in the Plaintiff's proposed second amendment took place between the time of the original pleading and the ultimate retaliatory termination. All proposed amended claims and defendants arise from the continuing violation of the Plaintiff's Civil Rights as earlier alleged.
>
> . . . The full effect of damages done to Plaintiff through the alleged actions and conspiracy could have been avoided up until such time by the reinstatement of the Plaintiff or other restoration of the Plaintiff's rights. Only after the consummation of the termination were the claims for damages resulting from the Defendant's acts available to Plaintiff. The full Force and Effect of the Defendants' retaliation against the Plaintiff were not evident until such time, so the proposed amended claims and Defendants could not have been brought prior to that time.

(Dk.163, pp. 2, 5–6). These arguments are belied by the allegations found in the plaintiff's proposed complaint, are not supported by any specific references to newly discovered evidence, and are simply unconvincing and not credible reasons in light of the procedural history behind this case.

The plaintiff cannot use the pendency of his EEOC charges to justify his delay in adding these non-Title VII claims and these new defendants. *Cf. Hopkins v. Oklahoma Public Employees Retirement System,* 150 F.3d 1155, 1160 (10th Cir. 1998) (No administrative remedy exhaustion requirement for § 1983 claims); *Aramburu v. Boeing Co.,* 112 F.3d 1398, 1410 (10th Cir.1997) (No administrative remedy exhaustion requirement for § 1981 claims); *Barner v. City of Harvey,* 1997 WL 139468 at *7 (N.D.Ill. Mar.25, 1997) (§§ 1985(3) and 1986 claims) (citing *Trigg v. Fort Wayne Community Schools,* 766 F.2d 299 (7th Cir.1985)). In his proposed second amended complaint, the plaintiff does not limit his allegations concerning the conspiracy or concerning the new defendants to only that conduct or actions occurring after the filing of his original complaint or first amended complaint. Nowhere does the plaintiff argue or allege that he did not know or could not have reasonably known of these defendants' actions by May of 2001 when he was terminated. The plaintiff cites no specific evidence or discovery that he learned of or obtained only recently and that he now alleges or relies upon in adding these new individual defendants. By May of 2001, the plaintiff should have been aware of the "full effect" of the "damage done" to him by these defendants' actions and promptly sought leave to allege the same. Yet, the plaintiff waited at least eight months before making any attempt to add the new conspiracy claims and the non-Title VII claims against these new individual defendants. As late as the August 29th conference with the magistrate judge, neither the plaintiff nor his counsel at the time mentioned any intention to add a conspiracy claim under § 1985(3) and a related claim under § 1986 or to add more defendants.

Over three years after filing this case and eight months after being terminated from his employment, the plaintiff now seeks to add conspiracy claims and eight individual defendants. The plaintiff does not represent that he revealed such possible claims or intentions anytime when the parties discussed having the entire matter tried in one lawsuit and adding the Title VII claims for the subsequent tenure denials and ultimate termination that were the subject of pending EEOC proceedings. Consequently, it should come as no surprise to the plaintiff that the magistrate judge and the district court are critical of his efforts now to add claims and parties outside the scope of his Title VII claim. " 'A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.' " *Pallottino,* 31 F.3d at 1027 (quoting *Freeman v. Continental Gin Co.,* 381 F.2d at 469–70).

The plaintiff places some blame on his former counsel who could not be "expected to fully understand each and every nuance of the case." (Dk.166, p. 3). Such an excuse is not persuasive for responsibility also rests with the plaintiff to assist his counsel in that regard. Indeed, this excuse carries no weight here, for the plaintiff writes in his objection to the magistrate judge's order that he certainly considers himself not only knowledgeable of the facts but also reasonably informed of the law and able to conduct legal research.

The court also agrees with the magistrate judge that to add these conspiracy claims and individual defendants at this late hour would be prejudicial to the defendants and create undue delay. The court is quite certain that the additional discovery necessary to address these new claims

and new defendants would be expansive and substantial in scope and nature. Moreover, such discovery would unduly delay the resolution of this long-pending case.

For all the above reasons, the court denies the plaintiff's request for leave to add §§ 1985(3) and 1986 claims and to add the eight individual defendants, accepts and adopts the magistrate judge's order denying leave to add the new conspiracy claims and the eight new defendants, and affirms the magistrate judge's ruling that permits the plaintiff to file a second-amended complaint in all other respects.

### Amended Scheduling Order

 Also on February 22, 2002, the magistrate judge set a discovery and case management schedule that was "intended to efficiently address the amendment of plaintiff's claims in this case concerning his denial of tenure and termination by the University of Kansas, encompassing events during the time period Spring of 1999 to the Spring of 2000." (Dk.165, p. 1). The magistrate judge ordered different limits on discovery, including "no more than 3 depositions by plaintiff and 1 by defendants." *Id.* at 2. The plaintiff complains that this limit on depositions is arbitrary and severely restricts his ability to prepare his case.

The court finds nothing clearly erroneous or contrary to law in the magistrate judge's amended scheduling order. The plaintiff does not attempt to show the number or necessity of depositions for him to complete discovery on his recently added claims regarding the denial of tenure and termination. The limit on depositions is not unreasonable simply because the plaintiff labels it as such. The plaintiff's objection to this part of the amended scheduling order is overruled.

IT IS THEREFORE ORDERED that upon the court's de novo review of the issues and arguments presented, the plain-

tiff's objections to the magistrate judge's order (Dk.164) that denied in part his motion for leave to amend (Dk.159) are overruled and the magistrate judge's order is accepted, adopted and affirmed as the ruling of this court;

IT IS FURTHER ORDERED that the plaintiff's objection to the magistrate judge's order (Dk.165) that placed limits on the number of depositions is overruled.