**David G. PFLUM, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 99–4170–SAC.**

United States District Court, D. Kansas.

Jan. 13, 2003.

---

David G Pflum, St. Marys, KS, pro se.

Stuart D Gibson, U.S. Department of Justice, Tax Division, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

The case comes before the court on the plaintiff's objections (Dk.71) to the magistrate judge's order of September 10, 2002, (Dk.70), which granted in part and denied in part the plaintiff's motion to compel discovery, (Dk.58), which denied the plaintiff's motion to "deem averments in supplemental complaint admitted due to United States failure to comply with Rule 8, Fed.R.Civ.P." (Dk.60), and which granted in part the defendant's motion to reinstate a stay of these proceedings, (Dk.61). The plaintiff argues that the magistrate judge's order must be treated as a report and recommendation because the matters decided therein exceeded the scope of her jurisdictional authority, that the magistrate judge erred in not denying the defendant's motion to stay as untimely, and that the magistrate judge erred in ignoring the requirements of Fed.R.Civ.P. 8 and in balancing them against interests served by Fed.R.Crim.P. 6(e) which are not implicated here. The defendant has responded opposing the plaintiff's objections. (Dk.72).

"In accordance with 28 U.S.C. § 636(b)(1)(A), a magistrate judge may hear and determine any procedural or discovery motion or other pretrial matter in a civil or criminal case, other than the motions which are specified in subsection (d) of this rule." D.Kan. Rule 72.1.1(c). All of the motions decided by the magistrate order in her order of September 10, 2002, (Dk.70), involved procedural, discovery or pretrial issues and were not by name or nature listed among the dispositive motions of Rule 72.1.1(d). Pursuant to D.Kan. Rule 72.1.2(b), the clerk referred this case to the magistrate judge to handle among other things, "the hearing and determination of all pretrial, procedural and discovery motions." Consequently, the court treats the magistrate judge's order as involving non-dispositive matters. As the district court to whom this case is assigned, it shall consider the plaintiff's objections and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to the law." Fed.R.Civ.P. 72(a). Using the clearly erroneous standard, this court will " 'affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred.' " *Cuenca v. University of Kansas,* 205 F.Supp.2d 1226, 1228 (D.Kan. 2002) (quoting *Continental Bank, N.A. v. Caton,* 136 F.R.D. 691, 693 (D.Kan.1991)).

582

Put another way, a magistrate judge has "'broad discretion in the resolution of non-dispositive discovery disputes,'" and a district court "'generally grant[s] the magistrate [judge] great deference and overrule[s] the magistrate's determination only if this discretion is clearly abused.'" *Id.* (quoting *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991)).

 Having carefully reviewed the magistrate judge's rulings and reasons expressed in her written order, the district court is persuaded that the magistrate judge did not abuse her discretion in these discovery matters and that no error has occurred. Even though the defendant did not act promptly in seeking a protective order, the magistrate judge properly attributed significant weight to protecting the confidential nature of an ongoing grand jury investigation. The plaintiff's discovery requests plainly would require the defendant to reveal the scope and direction of the grand jury's investigation including the names of witnesses being subpoenaed. The defendant's answer to the plaintiff's supplemental complaint implicates the same concerns of confidentiality. The magistrate judge was assured in the declaration of Assistant United States Attorney T.J. Luedke "that the grand jury investigation is proceeding in a timely manner and that there is an end in sight to the investigation." (Dk.70, p. 4). The district court finds no error in how the magistrate judge balanced the importance of keeping the grand jury's ongoing investigation confidential against the plaintiff's interests in timely pursuing his statutory claims for wrongful disclosure of tax return information.

The court points out that the number and cumulative length of the stay orders entered in this case are pushing the bounds of reasonableness absent proof and an explanation of justifying circumstances. The defendant should be aware that extensions of the stay order will not be granted perfunctorily by the magistrate judge and that the defendant will be expected in future filings to reveal, under seal if necessary, separate cause for any requested extensions of the stay order.

IT IS THEREFORE ORDERED that the plaintiff's objections (Dk.71) to the magistrate judge's order of September 10, 2002, (Dk.70) are considered and overruled.