Catherine M. SMITH, Plaintiff,

v.

MCI TELECOMMUNICATIONS CORP., Defendant.

Civ. A. No. 87–2110–0.

United States District Court, D. Kansas.

May 10, 1991.

See also 136 F.R.D. 189.

Robert P. Numrich, Martha Madden Weast, Evans & Dixon, Steven G. Piland, William G. Beck, Field, Gentry, Banjamin & Robertson, P.C., Kansas City, Mo., for plaintiff.

Roger D. Stanton, Mark D. Hinderks, Stinson, Mag & Fizzell, Overland Park, Kan., Robert L. Driscoll, Christopher F. Pickering, Stinson, Mag & Fizzell, Kansas City, Mo., Marianne Geeker, MCI Telecommunications, Washington, D.C., for defendant.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to review the magistrate's

order of March 21, 1991, compelling production of certain computer manuals. Plaintiff, Catherine M. Smith, filed this action alleging her former employer, MCI Communications Corporation (MCI), defrauded its salespersons by failing to pay them proper commissions pursuant to written compensation plans. Subsequently, the court granted Smith's motion to certify a class as to several counts of her complaint.

Plaintiff's allegations with respect to the non-payment of earned commissions relate, in part, to MCI's computer systems used to calculate commissions. The various computer systems were integrated as follows:

> MCI stores information regarding customers, sales, and salespersons on various computer systems. The On–Line Computer Information System (OCIS) is the entry point for information regarding customers, such as the customer's name, account number, and services ordered. The New Order Processing System (NOPS) is a batch, rather than on-line, version of OCIS. NOPS interfaces with other computer systems, such as the systems for billing and commissions. The Integrated Commission System (ICS) (this system is also referred to as PI) is the commissions system which reads the NOPS files to acquire commissions information, such as new customers, canceling customers, and material regarding salespersons. ICS passes this commission information on to the payroll system.

*Smith v. MCI Telecommunication Corp.,* 124 F.R.D. 665, 670 (D.Kan.1989).

On April 5, 1988, plaintiff served her Second Request for Production of Documents, including request for the computer systems manuals at issue here. Shortly thereafter, MCI produced these documents with portions redacted, which MCI claimed were irrelevant. During 1989 and 1990, plaintiff unsuccessfully attempted to obtain discovery of the complete computer systems manuals, including the redacted portions.[1]

On September 4, 1990, plaintiff filed the Motion to Compel at issue here. Plaintiff argued against MCI's unilateral excision of portions of 28 documents relating to financial accounting functions because (1) it was improper for MCI to decide the relevancy issue unilaterally and (2) the material was, in fact, relevant pursuant to Rule 26(b), Federal Rules of Civil Procedure, since the malfunction of MCI's interrelated computer systems and MCI's knowledge thereof was central to her claim of fraud.[2]

MCI responded by submitting two sets of documents to the magistrate, whole documents and copies of the same documents with portions redacted, and by inviting the magistrate to rule on this issue by examining these documents *in camera.* The magistrate declined to undertake the *in camera* review on the basis that nothing in the federal rules or case law obligated the court to conduct such a review upon an unsolicited request by a party in the absence of a claim of privilege or confidentiality. The magistrate then rejected MCI's claim of irrelevancy, finding that "[g]iven the broad scope of relevancy at the discovery stage, ... the request by plaintiff for documents complete and without excision is reasonably calculated to lead to the discovery of admissible evidence," and sustained plaintiff's motion to compel.

1. During 1989 and 1990, the magistrate granted MCI's motion for a protective order precluding plaintiff's counsel from allowing anyone to view the contents of the manual except as necessary for the conduct of this litigation. In July, 1989, the magistrate denied plaintiff's motion to compel production of the documents, on the grounds that plaintiffs efforts to confer with opposing counsel were inadequate pursuant to Local Rule 210(j). Subsequently, plaintiff's repeated efforts to obtain the manuals *in toto* were rebuffed by MCI. Plaintiff then filed the instant motion pursuant to Rule 37(a)(2), Fed.R. Civ.P., seeking an order to compel on the grounds that MCI had failed to respond adequately to a Rule 34 request for production.

2. As an example of an improper excision, plaintiff noted MCI's redaction of the "daily transaction counts," arguing that these materials related directly to MCI's commission-calculating computer system and the monetary amounts of orders submitted by class members.

■ The standard of review of a magistrate's order is set forth in 28 U.S.C. § 636. As to nondispositive pretrial matters the district court reviews the magistrate's order under a "clearly erroneous or contrary to law" standard. *Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1461–62 (10th Cir.1988) (citing 28 U.S.C. § 636(b)(1)(A)). The clearly erroneous standard requires that the court affirm the decision of the magistrate unless it "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1464 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)). Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused. *Detection Systems, Inc. v. Pittway Corp.,* 96 F.R.D. 152, 154 (W.D.N.Y. 1982). *See also Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990).

MCI contends the magistrate's March 21, 1991, order is clearly erroneous because it is based on two erroneous factual determinations, specifically that (1) MCI failed to make timely relevancy objections to the document requests at issue and (2) MCI failed to substantiate its claim that the redacted materials are irrelevant. After reviewing the record, the court concludes that, even if MCI's objections to the relevance of the redacted portions of the documents at issue could be considered timely, MCI has failed to show that the documents are not relevant or reasonably calculated to lead to the discovery of admissible evidence.

■ This court has ruled that "[o]nce a party has requested discovery, the burden is on the party objecting to show that the discovery is not relevant...." *Thomas M. Pickett, Sr. v. Bridgestone (U.S.A.), Inc. et al.,* Case No. 86–4281 (D.Kan.1988). Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action. *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138–39 (W.D. Okla.1977).

In addition to submitting the documents to the magistrate for *in camera* review, MCI produced two affidavits from current employees. The Weisenborn affidavit states that (1) the Online Computer Information System (OCIS) and New Order Processing System (NOPS) "are utilized for many computer and financial accounting functions other than the calculation and payment of commissions for commercial sales representative or other MCI employees" and (2) the final 13 pages of one document, the "Overview of Access File Maintenance," "describe and refer to computer functions that are not related to or involved in the calculation and payment of commissions for commercial sales representatives." The Kuzmyak affidavit states that all functions of MCI's computer and financial accounting systems are not interrelated and that MCI's computer systems perform many complex accounting and financial functions unrelated to the payment of commissions.

■ Upon review, the court finds that the magistrate's determination that these affidavits fail to support MCI's claim of irrelevancy is not clearly erroneous. As plaintiff has argued from the outset, the issues in this case are not confined merely to calculations and payment of commissions, but relate also to other computer functions such as order entry, order control, order maintenance, order installation, and transaction accounts. On this basis and in light of the magistrate's broad discretion in discovery matters, the court concludes that the March 21, 1991, order is neither clearly erroneous nor contrary to law. Accordingly, the court denies defendant's motion.

IT IS THEREFORE ORDERED that defendant's motion to review the magistrate's order (Doc. # 444) is denied.

IT IS FURTHER ORDERED that defendant shall produce the unredacted materials to plaintiff at the offices of her counsel on or before May 17, 1991.