Donella C. LEIGHR, Plaintiff,

v.

BEVERLY ENTERPRISES–KANSAS INC., et al., Defendants.

No. 94–2474–GTV.

United States District Court, D. Kansas.

Feb. 7, 1996.

Anthony A. Stein, Kansas City, MO, for plaintiff.

Leonard Singer and Sharon D. Hess, Bioff, Singer & Finucane, Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

RUSHFELT, United States Magistrate Judge.

Under consideration are two motions entitled Defendants' Joint Motion For Protective Order (docs. 19 and 26). The first motion seeks to prohibit a deposition. The second one seeks an order prohibiting plaintiff from obtaining discovery about two mental health patients of defendant Beverly Enterprises Kansas, Inc. Plaintiff opposes only the first motion. The court grants the second motion, therefore, under D.Kan.Rule 7.4. The motion on its face appears reasonable. Defendants need not provide any information about the two mental health patients.

Pursuant to Fed.R.Civ.P. 26(c)(1), the first motion seeks to prohibit the deposition of the prosecuting attorney for the City of Edwardsville, Kansas. Plaintiff alleges in her complaint that defendant Russell Hilderbrand assaulted her. (See Compl. For Damages, doc. 1, ¶ 15.) She filed a criminal charge for assault in Edwardsville. The prosecutor and Hilderbrand entered into a diversion agreement. Six months later the prosecutor dismissed the charge with prejudice. Defendants contend that the diversion agreement and any statements made in connection with the agreement are inadmissible under the Federal Rules of Evidence and the laws of Kansas. They argue that deposing the prosecuting attorney is thus improper.

Plaintiff argues, that despite the alleged inadmissibility of the diversion agreement, both it and related statements may lead to the discovery of admissible evidence. She contends that admissibility is not the standard to determine discoverability.

Fed.R.Civ.P. 26(c) provides that the court, upon a showing of good cause, "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "A court may grant a protective order prohibiting the taking of a deposition when it believes that the information

sought is wholly irrelevant to the issues or prospective relief." *United States ex rel. Westinghouse Elec. Corp. v. Coonrod & Assocs. Constr. Co.,* No. 89–2274–O, unpublished op. at 3 (D.Kan. Jan. 28, 1991). Motions to thwart a deposition, however, are ordinarily denied. *Id.* Motions for a protective order invoke the discretion of the court. "The party seeking such an order has the burden to show valid grounds for it." *Fishback v. Lunders,* No. 92–2349–GTV, unpublished op. at 2 (D.Kan. Dec. 11, 1992).

▮▮▮ As grounds for the protective order, defendants assert that the testimony sought is irrelevant and not admissible at trial. As long as "the information sought appears reasonably calculated to lead to the discovery of admissible evidence," however, it does not matter that the information itself would be inadmissible at trial. Fed.R.Civ.P. 26(b)(1). "Relevancy[, moreover,] is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991). A party does not have to prove a *prima facie* case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the discovery sought appears relevant,

> [t]he party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R.Civ.P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*Aramburu v. Boeing Co.,* No. 93–4064–SAC, 1994 WL 810246, at *1 (D.Kan. Sept. 22, 1994). "When 'relevancy is not apparent, [however,] it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" *Evello Invs. N.V. v. Printed Media Servs.,* No. CIV.A. 94–2254–EEO, 1995 WL 135613, at *5 (D.Kan. Mar. 28, 1995) (quoting *Universal Money Ctrs. v.*

*American Tel. & Tel. Co.,* No. 90–2201–O, unpublished op. at 3 (D.Kan. July 15, 1991)). "A request for discovery . . . should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden v. Connaught Lab.,* 137 F.R.D. 336, 341 (D.Kan.1991).

The deposition appears reasonably calculated to lead to the discovery of admissible evidence. Plaintiff specifically alleges that defendant Hilderbrand assaulted her. She filed a criminal charge of assault in Edwardsville. The prosecuting attorney for the city may have relevant information about the facts of the alleged assault. Contrary to assertions by defendants, plaintiff need not identify the evidence which may be discovered to overcome a request for protective order. When seeking to prohibit a deposition, the party resisting such discovery must show valid grounds the protection. When the discovery sought appears relevant, moreover, the party resisting discovery must show it is irrelevant or of such marginal relevance that the harm of such discovery outweighs the presumption of broad disclosure. Defendants have not shown the deposition to seek irrelevant testimony. Nor have they shown any harm that would flow from the deposition. They simply have shown no valid grounds for the requested protective order.

The court cannot find that the proposed deposition is "wholly irrelevant" to the issues of this case. Nor can it find that the deposition can have no possible bearing on the subject matter of this action. Cases cited by defendants do not persuade the court otherwise. The court overrules the first motion for protective order.

Overruling a motion for protective order invites consideration of sanctions under Fed. R.Civ.P. 37(a)(4)(B). *See* Fed.R.Civ.P. 26(c). Rule 37(a)(4)(B) provides in pertinent part:

> If the motion is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the

making of the motion was substantially justified or that other circumstances make an award of expenses unjust.

In accordance with this rule, defendants and their attorneys shall, within twenty days of the date of this order, show cause why the court should not order one or more of them to reimburse plaintiff for her reasonable expenses incurred on the motion. Rule 26(b) unambiguously sets forth that admissibility is not the standard for discoverability. The complaint of plaintiff, furthermore, clearly places the alleged assault at issue. Within ten days of the date of this order, plaintiff shall submit an affidavit of time and expenses incurred on the motion.

In summary, the court sustains Defendants' Joint Motion For Protective Order (doc. 26) and overrules Defendants' Joint Motion For Protective Order (doc. 19). On its own motion, the court will consider sanctions after defendants and their attorneys have had their opportunity to be heard in accordance with Fed.R.Civ.P. 37(a)(4)(B), as directed herein.

IT IS SO ORDERED.