Michael G. OLESON, Plaintiff,

v.

KMART CORPORATION, Defendant.

No. 96–4066–SAC.

United States District Court,
D. Kansas.

Aug. 28, 1997.

Scott J. Bloch, Lawrence, KS, for plaintiff.

William G. Haynes, Topeka, KS, for defendant.

### *MEMORANDUM AND ORDER*

NEWMAN, United States Magistrate Judge.

This matter is before the court on Plaintiff's Second Motion to Compel, for Protective Order and for Sanctions. (Doc. 137.) The motion involves a second set of interrogatories, requests for production of documents and requests for admissions served upon defendant by plaintiff and deposition disputes. Defendant has filed a responsive memorandum.

■ Defendant argues that plaintiff's motion should be denied due to the failure of plaintiff's counsel to "confer" prior to filing the instant motion, as required by Fed. R.Civ.P. 37(a)(2)(B). While apparently correspondence was exchanged between counsel, counsel did not directly discuss the matters in dispute. Based upon the number and tenor of the discovery disputes in this case, it is unlikely that the issues before the court would have been resolved by additional efforts to confer between counsel. Consequently, the court will not deny plaintiff's motion on this ground and will proceed to the merits.

### Interrogatory Nos. 1 through 6 and 8

■ In response to these interrogatories, defendant asserted blanket objections as to the relevancy, oppressiveness and burdensomeness of the interrogatories. The objecting party has the burden to substantiate its objections. *Peat, Marwick, Mitchell & Co. v. West,* 748 F.2d 540 (10th Cir.1984), *cert. dismissed,* 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). The litany of overly broad, burdensome, oppressive, and irrelevant will not alone constitute a successful objection to a discovery request. *Employers Commercial Union Insurance Company of America, et al. v. Browning–Ferris Industries of Kansas City, Inc., et al.,* 1993 WL 210012 (D.Kan.1993); *Roesberg v. Johns–Manville Corp.,* 85 F.R.D. 292 (E.D.Pa.1980). When the discovery appears relevant "the burden is on the objecting party to show that the discovery is not relevant." *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991). The objecting party must specifically show how each discovery request is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *Employ-*

*ers Commercial Union Insurance Company of America,* 1993 WL 210012 at *2.

■ Defendant, while objecting, stated that the requested facts could be obtained from various corporate witnesses whose depositions had been or would be scheduled. It now appears that the defendant did not intend to stand on the objections but simply to defer answering the discovery until the depositions of corporate employees allegedly having knowledge of the facts necessary to answer the interrogatories. Defendant has made no effort in response to the motion to compel to support its objections but rather has argued only the claimed failure to attempt to confer under Fed.R.Civ.P. 37(a)(2)(B). Defendant has failed to address the merits of the objections or to provide the court with any authority for its position, either by argument or by applicable law. Defendant has failed to carry its burden to establish a legal basis for the objections.

■ Pursuant to Fed.R.Civ.P. 33, the party submitting the interrogatory is entitled to an answer to the interrogatory unless the court enters a protective order in accordance with the provisions of Fed.R.Civ.P. 26(c). A party may not defer answering or refuse to answer an interrogatory by suggesting that the information may be forthcoming during a deposition to be taken at a later date. Such a response is a failure or refusal to answer the interrogatory. Defendant was required to answer the interrogatories notwithstanding the taking of the depositions referenced therein.

The interrogatories seek discoverable facts and should be answered. Defendant's objections are overruled. The motion is granted as to the interrogatories. Defendant shall serve complete answers to Interrogatory Nos. 1 through 6 and 8 within 20 days of the date of the filing of this order.

### Interrogatory Nos. 9 and 10

Defendant objects to these interrogatories on the grounds of relevancy, oppressiveness and burdensomeness. Defendant has failed to carry its burden by substantiating its objections. Notwithstanding, defendant has answered these interrogatories, therefore, the objections are stricken. The motion as to these interrogatories is moot.

### Request for Production Nos. 1 through 10

Defendant has answered these requests and has offered to produce any responsive documents. The motion as to these requests is moot.

### Request for Production Nos. 12, 32, 33, and 34

Defendant has objected to these requests on the grounds that the documents sought are irrelevant and production would be burdensome. Defendant has also included an additional proffer that available information will be produced at a deposition of one of defendant's employees to be taken at a later date.

■ Defendant has failed to substantiate its objections, in any way. The offer to make information available at the time of a subsequent deposition does not comply with Fed.R.Civ.P. 34, which requires that the response to the request state that the production of the documents will be permitted as requested unless an objection is interposed, with the reasons for the objection stated. When partial objection is made, a party shall allow inspection as to the portions of the request to which there is no objection. Fed.R.Civ.P. 34.

A review of these requests reveals that they relate to discoverable documents. While in certain instances the requests would appear to be broad, this is not the basis of the objection. Further, while the defendant might well have supported an objection on the grounds of burdensomeness upon a proper showing, there has been no such showing. Therefore, the motion as to these requests is granted. Defendant shall produce all documents responsive to Request Nos. 12, 32, 33 and 34 within 20 days of the date of the filing of this order.

### Request for Admission No. 9

■ The request requires defendant to admit "Exhibit A attached hereto is a true and correct copy of the leave of absence-worker's compensation claim." Defendant has denied the requested admission as permitted by Fed.R.Civ.P. 36. Under Fed.R.Civ.P. 37(c)(2), when a denial of a request for ad-

mission is made, a party who proves the truth of the facts may thereafter apply for the reasonable expenses in making the proof, including attorney's fees. Therefore, the court overrules plaintiff's motion as to this request.

**Depositions**

■ The remaining issues presented by the motion relate to deposition disputes. These disputes are a continuation of those presented to the court by plaintiff's first motion to compel. The depositions involve four current employees of defendant. Defendant's counsel, Mr. William Haynes, repeatedly interrupted the inquiry, argued objections, counseled the witnesses by his objections and instructed the witnesses not to answer questions to which no privilege was asserted. In certain instances, questions were interrupted, with objections, at midpoint. The conduct was discourteous, disruptive and unprofessional. It clearly violated the mandates of Fed.R.Civ.P. 30. The length of the depositions was extended by such conduct.

Plaintiff's counsel, Mr. Scott Bloch, was not totally blameless as he was drawn into and extended the arguments. The inquiry was not always relevant and the questions were frequently inartfully phrased. But the disruptive behavior of Mr. Haynes was a direct violation of the rules. Although Mr. Bloch reminded Mr. Haynes of the provisions of Fed.R.Civ.P. 30, Mr. Haynes continued to ignore its admonitions. If Mr. Haynes believed the inquiry to be so irrelevant or argumentative that the witness should not be required to respond, his remedy was to clearly state his objection, terminate the deposition and bring the matter promptly to the court under Fed.R.Civ.P. 30(d)(3). He did not do so. The arguing and bickering during Don Morford's deposition consumed approximately 10% of the transcript. The same trend continued during Andy Castro's deposition.

The conduct can only be characterized as unprofessional and unacceptable. The deposition process is dependant upon the professionalism of counsel as they voluntarily comply with Fed.R.Civ.P. 30. It requires

counsel to cooperate with each other and with the deponents. The court is not present during the deposition to rule on objections or to enforce the rules. When counsel obstructs the process, there is not only a violation of the rules but there is an adverse reflection on the legal profession in the eyes of the witnesses whose most significant contact with attorneys may be through the taking of his or her deposition. The expense of the deposition is increased for all litigants.

This court cannot countenance the type of behavior exhibited during these depositions. While concise, relevant inquiry would have facilitated the process, the obstructive behavior of Mr. Haynes substantially interfered with the deposition process. Rather than be drawn into repetitive arguments, plaintiff's counsel should have either simply required an answer to the propounded questions or filed an appropriate motion with the court, submitting a sample of the disruptive behavior. Similar conduct was noted on behalf of Mr. Haynes by the Honorable Thomas Marten in *Sinclair v. Kmart Corporation,* 1996 WL 748038 (D.Kan. Dec. 1996). While the conduct in issue in *Sinclair* was of a different nature, it was so violative of the rules that the court ordered that the deposition be retaken. That order was entered only two days before the depositions in issue in this case were conducted.

The parties also had problems related to the scheduling of the deposition of William Thornton. The deposition was scheduled to commence at 3:30 p.m. on December 19, 1996, a date on which several depositions were being taken. Unfortunately, the preceding depositions delayed the commencement of the Thornton deposition. At 6:30 p.m., Mr. Bloch took the position that the deposition should be rescheduled. Mr. Haynes argued that the deposition should go forward. Mr. Bloch advised that he was unable to do so due to personal and professional commitments. Mr. Haynes indicated that he would proceed without Mr. Bloch. There had been no prior agreement to proceed outside the normal business hours. Counsel argued and bickered over this matter for 15 minutes at which time Mr. Bloch

left. Mr. Haynes proceeded with the witness's deposition.

Similar issues were raised by Mr. Haynes during the deposition of Martha Engnehl, another employee of defendant. The deposition had been proceeding for several hours in Topeka, Kansas, when Mr. Bloch attempted to recess the deposition due to inclement weather and a claim that certain documents had not been produced by defendant. Mr. Haynes refused to agree to recess the deposition until it was complete, notwithstanding the expressed belief that the deposition might not be completed until 7 p.m.

Due to the conduct of Mr. Haynes, described herein, sanctions are appropriate on this motion. The court is considering sanctions under D. Kan. Rule 11.1, Fed.R.Civ.P. 37, 28 U.S.C. § 1927 and the inherent power of the court, which sanction may include payment of attorney's fees to plaintiff's counsel and payment of sanctions to the court for its time in reviewing these disputes. The court will defer its determination of the type and amount of the sanctions it will impose until the court has considered all pending discovery matters. At that time, an additional order will be issued by the court encompassing all sanctions issues.

In summary, Plaintiff's Second Motion to Compel, for Protective Order and for Sanctions (doc. 137) is granted in part, overruled in part.

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

IT IS SO ORDERED.