Donald **CUTHBERTSON**, Plaintiff,

v.

**EXCEL INDUSTRIES, INC.,** Defendant.

No. 96–4123–SAC.

United States District Court,
D. Kansas.

March 18, 1998.

---

Kirk W. Lowry, Palmer & Lowry, Topeka, KS, Rik N. Siro, Blumer, Nally & Siro, Kansas City, MO, for plaintiff.

Ross A. Hollander, Kasey A. Rogg, Martin, Churchill, Blair, Hill, Cole & Hollander, Chtd., Wichita, KS, for defendant.

William S. Mills, McPherson, KS, for movant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

Now pending before the court are the following motions:

Defendant's Motion to Compel (doc. 31);

Dale Cuthbertson's Motion for Protective Order (doc. 52); and

Dale Cuthbertson's Motion for Protective Order (doc. 63).

The court will address these motions concurrently since the issues raised therein are related. The motions relate to discovery from a non-party witness, specifically, to discovery from and related to plaintiff's son, Dale Cuthbertson.

This is an employment discrimination case brought under the Age Discrimination in Employment Act and the Americans with Disabilities Act, arising out of the termination of plaintiff's employment with defendant in September 1994. Dale Cuthbertson was also employed by defendant at various times from 1977 until he was terminated in June 1995. Plaintiff has identified his son as a fact witness in this case prepared to testify about the circumstances of plaintiff's termination and damages resulting therefrom.

On April 2, 1997, at defendant's request, Dale Cuthbertson (herein "the deponent") appeared for his deposition, without service of subpoena, and without counsel. During the course of the deposition, defendant's counsel asked the deponent a series of questions related to his use of drugs and alcohol. While plaintiff's counsel interrupted with objections as to the relevancy of this line of inquiry, the deponent answered the questions until defendant's counsel inquired:

Was there a period of time after 1982 when you were not smoking marijuana at least on an occasional basis? [1]

The deponent declined to answer stating that he had "answered enough questions on this subject" (*i.e.* "alcohol abuse and other drugs" [2]). The subsequent inquiry followed:

Q: Do you believe that you have difficulty recollecting events at least from some time periods because of use of alcohol and marijuana?

A: No, sir.

Q: Why is it that you have difficulty recalling events in the 1981, 1982 time frame?

A: It was a poor time in my life as far as my personal life as far as my first divorce.

Q: Anything else?

A: No, sir. [3]

A short recess was taken. When the deposition resumed, defendant's counsel confirmed that the deponent was refusing to answer any additional questions concerning his use of controlled substances or illegal drugs. The deposition was unilaterally terminated by defendant's counsel without inquiry on other matters. On April 24, 1997,

---

**1.** Deposition Testimony of Dale Cuthbertson at p. 40.

**2.** *Id.* at p. 41.

**3.** *Id.*

defendant filed the instant motion to compel. Thereafter, on or about May 5, 1997, defendant issued seventeen subpoenas to non-parties seeking employment, medical, pharmaceutical, chiropractic, dental and psychiatric records related to the deponent. In response, the deponent filed the instant motions for protective orders as to the deposition inquiry and the subpoenas.

### Motion to Compel

■ Defendant seeks an order under Fed. R.Civ.P. 37(a)(2)(B) compelling the deponent to answer questions propounded to him during his deposition which he has refused to answer. In actuality, the deponent has refused to answer only one question, although he has indicated an intent to refuse to respond to similar questions related to his use or abuse of controlled substances. The motion also seeks sanctions against the deponent due to the necessity of the filing of the motion.

■ The court's first inquiry, when requested to issue an order to or impose sanctions upon a non-party, must of necessity be the court's jurisdiction over the person to whom the court's order would be directed. Generally, the court acquires jurisdiction over non-parties during the discovery process by the issuance and service of a subpoena upon the person. In this case, the deponent was not served with a subpoena. While he appeared for his deposition and gave testimony, under oath, at the request of the defendant, the court did not acquire jurisdiction over him since he had not been served with a subpoena. Further, as to the motion to compel now before the court, defendant did not serve a copy of the motion on the deponent, personally or otherwise, thus notifying the deponent that the defendant sought relief against him.[4] When the deponent is not a party to the action, the proper procedure for obtaining jurisdiction over the deponent is service of a subpoena pursuant to Fed.R.Civ.P. 45, issued from a court having jurisdiction over the person. When a motion is filed requesting relief against the non-party, he is entitled to be served with a copy

of the motion in order that a proper response may be filed on his behalf.

In this case, the defendant has taken no steps to assure the court's jurisdiction over the deponent or provide notice to the deponent of the defendant's request for sanctions against him. Without such, the defendant has wasted the court's time as well as that of opposing counsel. The court finds that it does not have jurisdiction over the deponent to order him to answer the deposition question propounded to him or other questions of similar nature. Defendant's request for an order to compel is overruled.

### Motions for Protective Orders

Subsequent to the filing of defendant's motion to compel, defendant served a total of seventeen subpoenas upon various healthcare providers and pharmacies in Newton, Halstead, Hesston, Salina, Wichita, Goessell, and McPherson, Kansas, and a former employer in Canton, Kansas. The deponent filed the instant motion seeking a protective order against the discovery of the documents sought by the subpoenas. The deponent also seeks a protective order precluding inquiry concerning his alcohol and drug use.

### Subpoenas

■ The court first addresses the deponent's request for a protective order related to the subpoenas. Fed.R.Civ.P. 26(c) provides:

Upon motion by a party or by the person from whom discovery is sought, ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (1) that the disclosure or discovery not be had ... (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.

Further, the court generally has the responsibility to control discovery which it considers to be improper or abusive.

The scope of discovery permitted under Fed.R.Civ.P. 26(b)(1) is as follows:

---

**4.** A copy of the motion was mailed to the deponent in care of plaintiff's counsel, who was known not to represent him. See deposition testimony at p. 26.

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, ... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

██ Fed.R.Civ.P. 26(b)(1) sets forth a two-step process in determining the scope of discovery; first, whether the information sought is relevant and, if so, whether the information is privileged. Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991). Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

A party does not have to present a prima facie case to justify a request which appears reasonably calculated to lead to the discovery· of admissible evidence. When the discovery appears relevant 'the burden is on the party objecting to show that the discovery is not relevant.' *Id.* [*Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991)] When 'relevancy is not apparent, [however,] it is the burden of the party seeking discovery to show the relevancy of the discovery request.' *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.,* No. 90–2201–O,

unpublished op. at 3 (D.Kan. July 15, 1991).

*Evello Investments N.V., et al. v. Printed Media Services, Inc.,* 1995 WL 135613 (D.Kan.1995).

Defendant claims its counsel issued the subpoenas when the deponent refused to answer the deposition questions concerning his drug and alcohol use. It claims the information is relevant and necessary in order to impeach his ability to perceive, recollect and testify concerning the facts in issue.

██ A deponent's drug use may be admissible to attack his ability to perceive the underlying events. *United States v. Peet,* 46 F.3d 1152, 1995 WL 21614 (10th Cir.Kan.1995)(citing *Jarrett v. United States,* 822 F.2d 1438 [7th Cir.1987] ). However, because of the extreme potential for unfair prejudice occurring from evidence of drug use, the memory or mental capacity of a deponent must legitimately be at issue, *United States v. Cameron,* 814 F.2d 403 (7th Cir.1987), and the evidence should properly be limited to instances of drug use during relevant periods. *United States v. Holman,* 680 F.2d 1340 (11th Cir.1982).

This employment discrimination action arises out of the termination of plaintiff's employment with defendant in September 1994. Dale Cuthbertson, plaintiff's son, has been listed as a fact witness to testify about matters related to the termination and thereafter. The seventeen subpoenas request all the deponent's employment, medical, pharmaceutical, chiropractic, dental and psychiatric records from a former employer and from various healthcare providers. The requested documents are not limited to evidence related to the time period in issue or to the deponent's alleged drug and alcohol abuse in 1994 and thereafter. All records related to Dale Cuthbertson are requested. The relevancy of the documents sought by these subpoenas is not apparent. Therefore, the burden is on defendant to clearly establish the relevance of the proposed discovery. Defendant has failed to meet this burden. Defendant has failed to provide any explanation as to why it believes that the specific employer, healthcare providers and pharmacies have records which would be relevant and necessary in

order to impeach the deponent's ability to perceive, recollect and testify concerning the facts likely to be evidence in this case.[5] Defendant first suggests that the deponent refused to answer questions related to his alleged drug and alcohol abuse during the course of his deposition. Defendant then contends that the evidence is necessary to impeach the deponent due to his failure to recall events about which he was questioned during his deposition. Defendant's explanation is not supported by the record before the court. Notably, the only questions the deponent failed to answer in detail were related to specific dates or events occurring in 1981 and 1982, approximately 15-16 years prior to the deposition. The deponent did not fail to answer questions concerning his father's employment, the termination of that employment or his knowledge concerning the damages arising therefrom. His answers to all questions were appropriate when considering the elapsed time from the date of the events to the date of the deposition. There was no evidence that the deponent had difficulty recollecting matters during the time period which is the subject of this dispute. The issuance of the subpoenas was not to obtain admissible evidence or evidence which is properly discoverable under Fed.R.Civ.P. 26(b)(1). On the facts before the court, it appears that the subpoenas were issued for the sole purpose of harassing and embarrassing the deponent and/or the plaintiff. The deponent is not a party to the litigation. This deponent's employment with another entity is not in issue and the defendant has not stated otherwise. This deponent's medical condition has not been placed in issue. The subpoenaed records are, at a minimum, confidential. In certain cases, they are protected by the physician-patient privilege. Other than his refusal to answer questions concerning his use of controlled substances over 15 years prior to the deposition, the deponent was cooperative and attempted to answer the questions propounded to him. The deponent's refusal to answer resulted when defendant's counsel propounded clearly improper questions. By virtue of being named as a witness or appearing for a deposition, a person's entire life is not opened for inspection by the attorneys for the litigants. In this case, the records sought are irrelevant and immaterial to any issue in the case.

The integrity of the deposition practice, as well as much of the discovery practice, generally, is dependent upon the professionalism of counsel for the parties.

MODEL RULE OF PROFESSIONAL CONDUCT Rule 4.4 provides:

> In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

■ Defendant's retaliatory action of issuing seventeen subpoenas seeking deponent's employment, medical, pharmaceutical, chiropractic, psychiatric and dental records due solely to his refusal to answer certain deposition questions is improper and unprofessional. The subpoenas are quashed. The request for a protective order is granted. The documents identified in the subpoenas shall not be produced.

**Deposition Inquiry**

■ As to the deponent's request for a protective order concerning the deposition inquiry in issue, the matter is now moot due to the court's ruling on defendant's motion to compel. The court, however, provides the following as instruction for the parties should defendant attempt to redepose the deponent.

■ Pursuant to Fed.R.Civ.P. 30(a)(2)(B), a party must obtain leave of court to depose a person who has already been deposed in a case. "The propriety of deposing someone a second time addresses the discretion of the court." *In re Starcom, Inc. v. U.S. Telecom, Inc.*, unpublished No. 87–2540–O (D. Kan. June 20, 1990). " '[T]he court will generally not require a deponent to appear for a second deposition' absent some showing of a need or good reason for doing

---

**5.** "Mr. Cuthbertson will testify regarding the facts and circumstances of plaintiff's termination of employment from Excel Industries, and injuries and damages sustained by plaintiff as a result of his firing." Plaintiff's Final Witness and Exhibit List at pg. 1.

so." *Sentry Insurance v. Shivers, et al.,* 164 F.R.D. 255 (D.Kan.1996) (quoting *Lone Star Indus. v. River's Bend Red–E–Mix, Inc.,* unpublished No. 90–2349–V, 1992 WL 752147 [D. Kan. Oct. 6, 1992] ). "Scheduling a second deposition of the same person without a showing of good reason will generally support a finding of annoyance and undue burden or expense." *TBG, Inc. v. Bendis,* unpublished No. 89–2423–EEO (D.Kan. Feb. 17, 1993).

The court rarely grants the opportunity for a second deposition. In this case, the transcript of the deposition of Dale Cuthbertson reflects that the deposition was suspended by defendant after less than an hour of inquiry due to the deponent's refusal to answer additional questions concerning his use of alcohol and drugs. The transcript also reflects that prior to adjourning, counsel for plaintiff twice suggested that defendant continue the deposition, "getting relevant information or discoverable information from Mr. Cuthbertson," then, if the court so determined, bring the deponent back for the limited purpose of responding to the disputed inquiry. The defendant declined. The deposition inquiry was outside the scope of relevant discovery and was not reasonably calculated to seek admissible evidence. Rather, it appears it was calculated to embarrass the deponent and his father. Upon the record before the court, the court sees no grounds for a second deposition of the deponent.

### Sanctions

 Defendant requests an award of the expenses and attorney's fees incurred in this matter, arguing that there was no substantial justification for the deponent's failure to answer questions or for the filing of the motion for protective order related to the subpoenas. Obviously, under the court's rulings herein, the defendant is not entitled to such relief. It is defendant's conduct, rather than plaintiff's or the deponent's, which warrants consideration of sanctions.

Fed.R.Civ.P. 26(c) provides that sanctions may be imposed in accordance with the provisions of Fed.R.Civ.P. 37(a)(4), which sanctions may include a reasonable attorney's fee. The court may also impose sanctions under 28 U.S.C. § 1927 and in accordance with the court's inherent power to control the conduct of attorneys practicing before the court. The court finds the conduct of defendant, and/or its attorneys responsible for service of the subpoenas, so abusive and unprofessional that it cannot be ignored. An example of the abusiveness is the issuance of a subpoena to the deponent's dentist, chiropractor, former employer and pharmacies. The discovery was not limited as to time or as to types of documents sought. Therefore, sanctions are appropriate in this matter in order to punish the offending conduct and to deter future similar conduct. The court is considering sanctions against the defendant, and each attorney appearing on behalf of the defendant in this action.

The court will conduct a hearing on **April 7, 1998, at 1:00 p.m.,** in the United States Magistrate Judge's Courtroom, 470 U.S. Courthouse, 444 S.E. Quincy, Topeka, Kansas, to determine the persons against whom sanctions will be imposed as well as the nature and extent of these sanctions. Counsel for Dale Cuthbertson shall file an affidavit setting forth the time and expenses incurred in obtaining the protective order related to the subpoenas, on or before **March 30, 1998.**

In summary, Defendant's Motion to Compel (doc. 31) is overruled and Dale Cuthbertson's Motions for Protective Order (docs. 52 and 63) are granted in part, overruled in part.

Copies of this order shall be mailed to movant, all counsel of record and unrepresented parties.

IT IS SO ORDERED.