KINDERGARTNERS COUNT, INC., Plaintiff,

v.

Donald F. DEMOULIN, Defendant/Counterclaim Plaintiff,

and

Telephone Pioneers of America, and Pioneers Foundation, Defendants,

v.

Vernie L. Wheeler, Counterclaim Defendant.

Kindergartners Count, Inc., Plaintiff,

v.

Donald F. DeMoulin,

and

Telephone Pioneers of America, Defendants.

Nos. 00–4173–JAR, 00–4017–JAR.

United States District Court, D. Kansas.

Sept. 20, 2002.

Harold S. Youngentob, Anne M. Kindling, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, Terry E. Beck, Beck Law Office LLC, Craig C. Blumreich, Brian G. Boos, Gehrt & Roberts, Chartered, Topeka, KS, for plaintiff.

John M. McFarland, David R. Barnard, Lathrop & Gage L.C., Todd E. Hilton, Stueve Helder Siegel LLP, Kansas City, MO, Thomas E. Wright, Kevin James Grauberger, Wright, Henson, Somers, Sebelius, Clark & Baker, LLP, Topeka, KS, Molly J. Moran, Thomas K. McQueen, Joseph F. Marinelli, Jenner & Block, Chicago, IL, for defendants.

Vernie L. Wheeler, Topeka, KS, pro se.

### *ORDER DENYING MOTIONS TO REVIEW MAGISTRATE JUDGE'S ORDERS AND MOTION TO STRIKE*

ROBINSON, District Judge.

This matter comes before the Court on counterclaim defendant Vernie Wheeler's Motions for Review (Docs. 281 and 299) of the magistrate judge's orders filed April 15, 2002 (Doc. 275) and May 20, 2002 (Doc. 298). Defendant/counterclaim plaintiff Donald De-Moulin has also filed a motion to strike Wheeler's motion for summary judgment (Doc. 271); and Wheeler has filed a motion for prompt ruling on said motion (Doc. 357). The Court takes up these pending matters *seriatim.*

## I. Objections to Magistrate Judge's Orders

### A. Standard of Review.

Pursuant to D.Kan.Rule 72.1.4, the procedure for obtaining review of a magistrate's order in a nondispositive matter is set forth in Fed.R.Civ.P. 72(a). Under Rule 72(a), "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." The clearly erroneous standard requires the court to affirm the magistrate judge's order unless it has the definite and firm conviction from all the evidence that error has occurred.[1]

### B. Background.

#### *Order of April 15, 2002 (Doc. 275)*

On February 13, 2002, the magistrate judge granted DeMoulin's motion for sanctions against Wheeler for disobedience of the court's September 16, 2001 order (Doc. 227). Specifically, the February 13, 2002 order involved Wheeler's obligation to produce telephone records in response to DeMoulin's Request for Production No. 1. For the reasons stated in the court's order, the magistrate judge determined that monetary sanctions against Wheeler were warranted. Counsel for Wheeler accepted responsibility for payment of sanctions and DeMoulin submitted a fee and expense claim. In his order of April 15, 2002, the magistrate judge awarded De-Moulin $2,794.15 to be assessed as sanctions against Wheeler's counsel; counsel filed a

---

1. *See Ocelot Oil Corp. v. Sparrow Industries,* 847 F.2d 1458, 1464 (10th Cir.1988) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)); *see also Smith v. MCI Telecommunications Corp.,* 137 F.R.D. 25, 27 (D.Kan.1991) ("Because a magistrate is afforded broad discretion in the resolution of nondispositive discovery disputes, the court will generally grant the magistrate great deference and overrule the magistrate's determination only if this discretion is clearly abused.").

certificate of compliance on April 30, 2002 (Doc. 280). Neither Wheeler nor his counsel seek review of this portion of the order.

DeMoulin also filed a renewed motion for sanctions (Doc. 251) for Wheeler's disobedience of the magistrate judge's February 13, 2002 order, wherein DeMoulin asked the court to enter default judgment against Wheeler because of his spoilation of allegedly critical evidence. Although Wheeler produced some of the requested telephone records, he failed to produce his AT & T long distance telephone bills relating to the period from June 26, 1999 to August 27, 2000, because AT & T only retains records dating back 18 months before such records are purged. Thus, when the magistrate judge entered his September 26, 2001 order directing Wheeler to produce his telephone records, Wheeler should have been able to obtain copies dating back to approximately April 2000. By the time the magistrate judge entered its February 13, 2002 order, which once again directed Wheeler to produce these telephone records, Wheeler was only able to obtain copies of his telephone records dating back to late August 2000. The magistrate judge found that Wheeler's dilatory behavior caused months of properly discoverable telephone records to be irretrievably lost and that Wheeler had deprived DeMoulin of this evidence.

DeMoulin wished to obtain these telephone records to support his claim that Wheeler defamed him through phone calls to DeMoulin's boss and other professional collegiate educators wherein Wheeler allegedly stated that DeMoulin was a plagiarist. Of course, these telephone calls were likely made between June 26, 1999 and August 27, 2000, the time period of the missing AT & T long distance bills.

The magistrate judge declined to enter default judgment against Wheeler, instead focusing on attempting to cure any prejudice DeMoulin may have suffered by virtue of Wheeler's disobedience of the court's orders directing Wheeler to produce the telephone records. The magistrate judge ordered that it be taken as established for purposes of this lawsuit that Wheeler made similar telephone calls to numerous other professional educators and that, if his reputation was damaged by virtue of those phone calls, that damage was widespread throughout his professional community. In addition, the magistrate judge held that monetary sanctions were warranted and directed DeMoulin to submit reasonable documentation of the expenses associated with the renewed motion for sanctions.

### Order of May 20, 2002 (Doc. 298)

After determining that counsel for Wheeler is the appropriate party to pay the monetary sanction at issue, and for the reasons stated in the April 15, 2002 order, the magistrate judge imposed sanctions against counsel for Wheeler in the amount of $4,907.89.

### C. Discussion.

The Federal Rules of Civil Procedure give the court "ample tools to deal with a recalcitrant litigant."[2] Whether or not to impose sanctions is within the discretion of the court.[3] Rule 37(b)(2) provides a variety of sanctions against a party who fails to cooperate in discovery, including default judgment. "In determining the appropriate sanction to be imposed, the court must consider the purposes to be served by the imposition of sanctions."[4] Such purposes include "(1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management."[5] "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[6]

**2.** *Jones v. Thompson,* 996 F.2d 261, 264 (10th Cir.1993).

**3.** *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

**4.** *Resolution Trust Corp. v. Williams,* 162 F.R.D. 654, 660 (D.Kan.1995).

**5.** *Id.*

**6.** *Starbrite Waterproofing Co., Inc. v. AIM Const. & Contracting Corp.,* 164 F.R.D. 378, 381

The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent.[7] The sanction to be imposed should be the least severe of those available, which appears adequate to deter and punish the wrongdoer.[8] "The court's discretion is limited in that Fed.R.Civ.P. 37 requires that any sanction be 'just' and that the sanction be specifically related to the particular 'claim' which was at issue in the order to provide discovery." [9]

Recognizing that default judgment is a severe sanction reserved for extreme circumstances, the magistrate judge concluded that the appropriate sanction under the circumstances, was "[a]n order that the matters regarding which the order was made or any other facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order[.]" [10]

In addition, Fed.R.Civ.P. 37(b)(2) requires that "the court shall require the party failing to obey the order of the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." The magistrate judge found that Wheeler's failure to produce the telephone records was not substantially justified, nor would an award of expenses be unjust in this case. Although the court did not find Wheeler had acted in bad faith with the intent to hinder discovery, it found it was "abundantly clear" from the record that Wheeler had failed to devote an appropriate level of time, effort and attention to retrieve the telephone records, given the fact that he was under a court order to produce them by early October 2001.

Wheeler objects to and seeks review of the April 15, 2002 order regarding the magistrate judge's finding that "it [shall] be taken as established for purposes of this lawsuit that Wheeler made similar [defamatory] telephone calls to numerous other professional educators and that, if [DeMoulin's] reputation was damaged by virtue of those phone calls, that damage was widespread throughout his professional community." Wheeler argues that this sanction was not specifically related to the particular "claim" pleaded by DeMoulin. Wheeler did not object to the magistrate judge's finding that attorney's fees and expenses were also warranted as a sanction. Wheeler did object and seek review of the May 20, 2002 order regarding the amount of sanctions assessed against Wheeler's counsel, arguing that the award be held in abeyance until the pending defamation claim is finally adjudicated.

The Court has reviewed Judge O'Hara's well reasoned and thorough orders and does not find either of them to be clearly erroneous or contrary to law. The magistrate judge's decisions were just and specifically related to the particular claim at issue. The dilatory and uncooperative attitude held by Wheeler toward DeMoulin's request for the telephone records is well summarized in Judge O'Hara's orders. The Court finds the sanction of deeming Wheeler's alleged conduct as established for purposes of this action entirely appropriate in light of his failure to produce the telephone records despite court orders to do so, which ultimately led to spoliation of the evidence. The Court also finds that the magistrate judge's calculation of the reasonable hours expended by DeMoulin on the renewed motion for sanctions was not in error. Although Wheeler's objection is limited to the amount of sanctions and not

(S.D.N.Y.1996) (citations and internal quotations omitted).

**7.** *Olcott v. Delaware Flood Co.,* 76 F.3d 1538, 1555 (10th Cir.1996).

**8.** *See White v. General Motors Corp.,* 908 F.2d 675, 685 (10th Cir.1990), *cert. denied* 498 U.S. 1069, 111 S.Ct. 788, 112 L.Ed.2d 850 (1991).

**9.** *Myers v. Colgate–Palmolive Co.,* 102 F.Supp.2d 1208, 1222 (D.Kan.2000).

**10.** Fed.R.Civ.P. 37(b)(2)(A); *see, e.g.,* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2289 n. 19 (2d ed. 1994 & Supp.2000) (citing cases in which courts have imposed similar sanctions).

the underlying award itself, the Court finds that the magistrate judge did not err on either count. As the Court is not left with a definite and firm conviction that a mistake has been committed, Wheeler's motions for review of the magistrate judge's orders are denied.

## II. Motion to Strike.

On April 1, 2002, with the renewed motion for sanctions requesting default pending against him, Wheeler filed a Motion for Summary Judgment (Doc. 263). DeMoulin responded with a Motion to Strike the Motion for Summary Judgment (Doc. 271), contending that Wheeler's motion is based upon "a discovery record that his willful misconduct has substantially shaped." In the alternative, DeMoulin requested an extension of his deadline to respond until 30 days after the court's ruling on the renewed motion for sanctions.

In light of the Court's ruling on Wheeler's motions to review the magistrate judge's sanction orders, DeMoulin's motion to strike Wheeler's motion for summary judgment is denied. DeMoulin shall have the standard response time of 20 days.[11]

IT IS THEREFORE ORDERED that Wheeler's Motions for Review (Docs. 281 and 299) of the magistrate judge's orders of April 15 and May 20, 2002 are DENIED; counsel for Wheeler shall submit payment of $4,907.89 to DeMoulin no later than **October 1, 2002.**

IT IS FURTHER ORDERED that De-Moulin's Motion to Strike (Doc. 271) is DE-NIED; DeMoulin shall file his response to Wheeler's Motion for Summary Judgment **within 20 days of the date of this Order.**

IT IS FURTHER ORDERED that Wheeler's Motion for Prompt Ruling (Doc. 357) is DENIED as moot.

IT IS SO ORDERED.

The clerk is to transmit copies of this order to counsel of record.

---

11. D.Kan.Rule 6.1(e)(2).