The MONARCH CEMENT COMPANY, Plaintiff,

v.

LONE STAR INDUSTRIES, INC., Defendant.

Civ. A. No. 88–2431–V.

United States District Court, D. Kansas.

Oct. 9, 1990.

Mick Lerner, Stinson, Mag & Fizzell, Overland Park, Kan., Charles W. Kiffin, Richard L. Connors, Stinson, Mag & Fizzell, Kansas City, Mo., for plaintiff.

Douglas C. McKenna, Watson, Ess, Marshall & Enggas, Olathe, Kan., A.J. Harper, II, Jonathan D. Goldhor, Fulbright & Jaworski, Houston, Tex., for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on plaintiff's Motion for a Protective Order (Doc. 93). The motion concerns eight pages of documents for which the plaintiff claims the protection of the attorney-client privilege, and which plaintiff states were inadvertently produced to the defendant on August 14 and August 16, 1989. Plaintiff seeks an order requiring the defendant to return the documents to it, and preventing further use of the documents by defendant.

It appears from plaintiff's memorandum in support of the motion and from defendant's response that the documents in question were contained in a personnel file which was produced to the defendant by the plaintiff Monarch. In the course of document production in this case Monarch claims that it has produced 118 personnel files as well as other documents, and that production encompasses 9,563 pages of material. The documents to which Monarch asserts the attorney-client privilege were contained in one personnel file, and were located in that file immediately following a copy of the company's employee pension plan and copies of correspondence with the employee, the plan trustee, and actuaries concerning benefits payable to employees under the plan. The privileged documents consist of eight pages of correspondence between Monarch and its attorney, Richard Jones. It is noteworthy that other copies of the same eight pages were withheld from discovery by plaintiff on the ground that they fell within the protection of the attorney-client privilege.

The motion for protective order will be granted for the reasons stated in the following discussion.

Some courts have held that an inadvertent production of documents does not waive the attorney-client privilege. *Mendenhall v. Barber–Greene Co.*, 531 F.Supp. 951 (N.D.Ill.1982) (and cases cited therein). This is because inadvertent production cannot be a waiver. Waiver imports an intentional relinquishment or abandonment of a known right, and to hold that a waiver could occur through inadvertence would be the antithesis of that concept.

At the opposite end of the spectrum are those courts which have held that any production, inadvertent or otherwise, constitutes a waiver of the privilege. *International Digital Systems Corp. v. Digital Equipment Corp.*, 120 F.R.D. 445 (D.Mass. 1988) (and cases cited therein). Those cases base their decision on the theory that the attorney-client privilege is founded on protecting confidentiality of communications between attorney and client, and that once confidentiality has been destroyed, the underpinnings of the privilege are gone.

However, in this district the two cases which have considered the effect of inadvertent disclosure have followed a middle ground for determining whether the privilege remains in effect. *In re Wyoming Tight Sands Antitrust Cases*, No. 85–2349

(D.Kan., *unpublished,* Sept. 11, 1987); *Kansas City Power & Light Co. v. Pittsburg & Midway Coal Mining Co.,* No. 88–2244 (D.Kan., *unpublished,* Dec. 1, 1989). The decisions by Magistrate Rushfelt in those cases are well reasoned and sound, and we shall follow them. Magistrate Rushfelt utilized the five-factor test set out in *Hartford Fire Insurance Co. v. Garvey,* 109 F.R.D. 323 (N.D.Cal.1985), to determine if inadvertent disclosure had effected a waiver of the attorney-client privilege. The factors are as follows:

1. The reasonableness of the precautions taken to prevent inadvertent disclosure;
2. The time taken to rectify the error;
3. The scope of discovery;
4. The extent of disclosure; and
5. The overriding issue of fairness.

We shall apply the same tests here.

With respect to the precautions taken, plaintiff claims that its counsel was diligent in efforts to review each document, and to withhold those for which protection was claimed. Other copies of the documents which are the subject of this motion were withheld. We deem these procedures to have been reasonably adequate. It is difficult to discern that more stringent procedures would have discovered that the privileged documents were about to be delivered when they were filed away in the back of a lone personnel file.

We also conclude that plaintiff acted promptly to rectify its error when it was discovered that the documents had been disclosed.

The scope of the discovery undertaken in this case also leads us to conclude that a finding of waiver would be inappropriate. More than 9,000 pages of documents were produced, and the documents in question were only eight pages contained in one of 118 personnel files.

The extent of the disclosure of the documents appears to be limited to counsel for defendants. We do not find this to be such extensive disclosure as to constitute a waiver of the privilege. The loss of confidentiality of the communication between counsel and client as exposited in the letters is at best limited.

Finally, we conclude that the fairness factor will be best served by holding that the privilege has not been waived. This conclusion seems especially fitting when we consider that the attorney-client privilege is one which belongs to the client. Fairness in this case constrains a holding that the client should not suffer because of the actions of counsel.

This order also resolves plaintiff's motion to strike defendant's response to plaintiff's reply (Doc. 110), and defendant's motion to file a response to plaintiff's reply (Doc. 112). We shall not engage in a discussion of them. Further comment by the court in this regard would be viewed by counsel as unkind.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant shall forthwith return to plaintiff the eight pages of correspondence which are the subject matter of plaintiff's motion for protective order (Doc. 93), and that such documents shall not be used by defendant at trial except upon further order of the court.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.