**Lorna J. WALLACE, Plaintiff,**

v.

**BEECH AIRCRAFT CORPORATION,**
a/k/a Raytheon Aircraft Corporation,
**Defendant.**

No. 96–4128–SAC.

United States District Court,
D. Kansas.

March 30, 1998.

James E. Benfer, Beth R. Foerster, McCullough, Wareheim & LaBunker, P.A., Topeka, KS, for Plaintiff.

Kathryn Gardner, Terry L. Mann, Martin, Pringle, Oliver, Wallace & Swartz, L.L.P., Wichita, KS, for Defendants.

### *MEMORANDUM AND ORDER*

NEWMAN, United States Magistrate Judge.

The matter is before the court on plaintiff's Motion for *In Camera* Review of Documents and for Production of Documents (doc. 98). Plaintiff moves the court for an order requiring production of two documents, previously produced by defendant, but which the defendant now claims were inadvertently produced and are protected by the attorney-client privilege. Defendant has filed a responsive memorandum. Plaintiff makes no argument by reply brief to the factual statements asserted by defendant in its memorandum in response to the motion. The matter is ready for decision.

In response to a request for production of documents served by plaintiff, defendant pro-

duced a substantial quantity of documents for review by plaintiff's counsel, at the offices of defendant's counsel, on June 3, 1997. Plaintiff's counsel reviewed and tabbed selected documents, copies of which were to be delivered to plaintiff. In the process of copying the documents, defendant's counsel became aware that two documents had been tabbed which were subject to a claim of attorney-client privilege. Defendant notified plaintiff by letter dated June 9, 1997, that two privileged documents had been made available through inadvertence and, therefore, copies of these documents would not be furnished. Plaintiff's counsel does not challenge defendant's claim of attorney-privilege, but rather contends that defendant has waived the privilege by failing to claim the privilege prior to production, with an appropriate privilege log furnished, and by production of the documents on June 3, 1997. Defendant claims that the production of the documents was inadvertent and that since they are protected by attorney-client privilege, defendant should be allowed to withdraw them from production. Defendant also argues that the documents are irrelevant to the issues of the case. The documents have been furnished to the court for *in camera* review.

■ The two documents in question include a nine-page letter, dated February 5, 1993, from Robert Martin, an attorney for defendant, to Wayne W. Wallace, Vice President and General Counsel for the defendant, on several aspects of product liability litigation and corporate structuring, and a one-page memorandum, dated February 8, 1993, from Wayne Wallace to Jack Braly, defendant's president, transmitting the Martin letter to other corporate representatives. Both documents were conspicuously marked with bold letters identifying them as privileged communications. These documents were clipped behind a memorandum from Robert B. Welton to James E. Gray enclosing appropriation requests for incorporating Beechcraft Sales, Inc. and its subsidiaries. The forms were behind the memorandum and immediately preceding the disputed documents within the packet and followed by two other single page documents, the first of which was a map dividing the United States into regions.

■ The court considers the following five factors in its determination of whether an inadvertent disclosure of documents effects a waiver of the attorney-client privilege: 1) the reasonableness of the precautions taken to prevent inadvertent disclosure; 2) the time taken to rectify the error; 3) the scope of discovery; 4) the extent of disclosure; and 5) the overriding issue of fairness. *Monarch Cement Company v. Lone Star Industries, Inc.*, 132 F.R.D. 558 (D.Kan.1990) (citing *Hartford Fire Insurance Co. v. Garvey*, 109 F.R.D. 323 (N.D.Cal.1985)).

## Reasonableness of precautions

Defendant argues that considering plaintiff's request for production of thousands of documents, reasonable precautions were taken to prevent disclosure of privileged material. Defendant claims that documents, subject to a privilege, were marked at the time they are prepared. All documents were reviewed by defendant's counsel and an experienced legal assistant prior to making any documents available to plaintiff's counsel. Defendant required plaintiff to review the documents at defendant's office in the presence of an employee of defense counsel's firm. After plaintiff selected the documents to be copied, the documents were numbered consecutively, copied, indexed and produced by defendant.

The court finds that defendant had adopted procedures which reasonably should have precluded the inadvertent production of privileged material. The documents were clearly marked, reviewed before and after production, and always maintained within defendant's control. In attempting to explain this inadvertent production defendant suggests that perhaps the privileged documents were overlooked due to their inclusion within what appeared to be routine funding request forms. While, apparently the initial review was not properly done by reviewing each document within this particular group of documents, the combined procedures employed to prevent disclosures appear adequate. This factor weighs in favor of a finding that the privilege was not waived.

### Time taken to rectify error

The discovery of the inadvertent disclosure in this case was immediate, within six days, and prior to copying and production. The plaintiff was notified. The court finds defendant acted promptly to rectify its error. This factor weighs against waiver.

### Scope of discovery

There has been substantial discovery in the case with review and production of thousands of pages of documents. On this occasion, however, only "several hundred pages" were being produced, thus, arguably permitting a more intensive review. The volume of documents produced on this occasion favors waiver.

### Extent of Disclosure

The extent of the disclosure of the documents in this case was limited to plaintiff's counsel. The documents were not copied or produced. Considering the minimal disclosure of the documents, this factor weighs against waiver.

### Overriding issue of fairness

Key to the court's consideration of this factor is the relevancy of the documents. Defendant argues that the documents are irrelevant to the issues before the court. Plaintiff claims that the documents are critical to her case on the issue of pretext.[1] Plaintiff claims that although she was terminated due to age discrimination, the defendant has asserted that the termination was due to performance deficiencies, which is pretextual. Plaintiff suggests that any alleged performance deficiencies were the result of the defendant's failure to provide her with a computer to assist her with word processing activities. However, during the deposition of one of defendant's employees, a claim was made that the computer was not acquired due to an alleged lack of available budget.

■ Relevancy, for purposes of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). Discovery requests should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D.Kan.1991). Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The court has carefully reviewed the disputed documents. The documents relate to a proposed business plan of the defendant and the possibility that the recommended plan could involve additional overhead and administrative expense in excess of that required by a previously considered plan. The information contained in the documents is irrelevant to any issue in the case and is not likely to lead to the discovery of admissible evidence. Correspondence related to counsel's legal advice on an overall business plan is not likely to lead to the discovery of admissible evidence. The issue before the court is whether there were budget considerations related to the purchase of a computer or restrictions on the persons responsible for obtaining a computer for the plaintiff. The disputed correspondence sheds no fight on this issue. The complaints of the plaintiff relate to facts occurring more than one year after the preparation of the disputed correspondence. The facts related to the proposed business plan and the financial conditions related thereto are so remote from the facts giving rise to the plaintiff's employment as to be totally unrelated.

To the extent that there is any relationship between the proposed business plan and the circumstances giving rise to budget considerations related to the purchase of a computer

---

1. Plaintiff submits her relevance arguments to the court by means of a letter, suggesting that by this means the text of the documents will not be referred to publicly. This is not an appropriate manner in which to submit arguments to the court. When matters are confidential and privileged the parties may request a protective order sealing the documents, but otherwise making them available for the court's review.

for the plaintiff, there would be other sources from which to obtain the equivalent evidence without the extreme invasion into communications protected by the attorney-client privilege. This factor weighs against waiver.

Considering all the foregoing factors, the court concludes that the inadvertent disclosure of the privileged documents did not constitute a waiver of the privilege. Plaintiff's motion for *in camera* review of the documents is granted. Plaintiff's motion for the production of documents is overruled. (Doc. 98).

Copies of this order shall be mailed to all counsel of record and unrepresented parties.

**IT IS SO ORDERED.**